■ ALICIA REYES et al., Respondents, v 38 SICKLES STREET CORP., Appellant, et al., Defendant.—In a negligence action to

recover damages for personal injuries, the defendant 38 Sickles Street Corp. appeals from (1) so much of an interlocutory judgment of the Supreme Court, Queens County (Katz, J.), entered March 12, 1990, as, upon a jury verdict, *inter alia,* found that it was 100% at fault for the injuries sustained by the plaintiffs Alicia Reyes and Precious Colon and found that it was 25% at fault and the plaintiff Hector Colon was 75% at fault for the injuries sustained by the plaintiff Hector Colon, and (2) so much of the amended interlocutory judgment of the same court, entered April 18, 1990, as made the same findings of fact.

Ordered that the appeal from the interlocutory judgment entered March 12, 1990, is dismissed, as the interlocutory judgment was superseded by the amended interlocutory judgment entered April 18, 1990; and it is further,

Ordered that the amended interlocutory judgment is modified, on the law and as a matter of discretion, by deleting the provision thereof which holds that the appellant "is one hundred (100) percent at fault for the injuries sustained by the plaintiffs Alicia Reyes and Precious Colon in the subject occurrence", and substituting therefor provisions that (1) the appellant is 25% at fault, Hector Colon is 75% at fault, and Alicia Reyes is not at fault in the happening of the accident, and (2) the appellant is fully liable for the injuries sustained by the plaintiffs Alicia Reyes and Precious Colon in the subject occurrence; as so modified, the amended interlocutory judgment is affirmed insofar as appealed from, and the interlocutory judgment is amended accordingly; and it is further,

Ordered that the respondents are awarded one bill of costs.

The instant appeal arose as a result of a fire that broke out in the fifth floor apartment leased by the plaintiffs Hector Colon and Alicia Reyes. The defendant 38 Sickles Street Corp. is the owner of the building in which the plaintiffs' apartment is situated. The plaintiffs alleged that the appellant failed to furnish the apartment with a smoke detector, and that, when the fire consumed their kitchen, they were unable to exit the apartment through their front door due to a defective door lock that prevented their escape. As the fire blocked their alternate means of egress via the fire escape adjacent to the kitchen window, the plaintiffs exited the apartment via a living room window, and by walking along an exterior ledge, attempted to re-enter the building via an adjacent hall window. The plaintiff Hector Colon and the plaintiffs' infant child successfully reached the hall window. The plaintiff Alicia Reyes fell from the grip of rescuers at the hall window. She

survived her fall. At the trial, it was established that the fire was caused by Hector Colon when he fell asleep leaving a pot of soup on a lit stove.

Following the close of evidence of the trial on liability, the court charged the jury, *inter alia,* that if it found that the plaintiff Hector Colon's negligence in leaving the pot of soup on the stove was a proximate cause of *his* injuries, then it could consider his comparative negligence in its apportionment of fault. The court further charged that any negligence attributable to the plaintiff Hector Colon in starting the fire was not attributable to the plaintiff Reyes. In accordance with those instructions, the verdict sheet was arranged so that the jury could find negligence on the part of each plaintiff and that such negligence contributed to his or her own injuries. The verdict sheet did not provide for a finding that the plaintiff Hector Colon's negligence was a proximate cause of the plaintiff Alicia Reyes's injuries. The defense counsel objected, contending that the court in its charge placed "undue emphasis" on the issue of whether the negligence of the plaintiff Hector Colon could be attributable to the plaintiff Alicia Reyes. The defense counsel agreed that such attribution of negligence would be improper.

During its deliberations, the jury sent a note inquiring as to how it was to differentiate between questions nine and ten on the verdict sheet, concerning the respective degrees of fault attributable to each plaintiff. The court instructed the jury that as to each of the two plaintiffs, "it's two different cases". Recognizing the implication that by reaching questions nine and ten, the jury had found liability as against the appellant, the defense counsel argued that the issue of the negligence of the two plaintiffs should be "lumped together", but the court would not permit the defense counsel to alter the form of the verdict sheet to which he had previously acquiesced.

The jury returned a special verdict finding, *inter alia,* that the appellant was negligent and that its negligence was a proximate cause of the plaintiffs' injuries. The jury found that the plaintiff Hector Colon was also negligent and that his negligence was a proximate cause of the fire. The jury found the plaintiff Alicia Reyes was not negligent. The jury found that plaintiff Hector Colon was 75% at fault for his injuries and that the appellant was 25% at fault. The jury found the plaintiff Alicia Reyes was free from fault and, as to her injuries, the appellant was 100% at fault.

The next day, prior to the beginning of the trial on dam-

ages, the court received a note from the jury indicating that its verdict did not reflect its actual intentions. The note explained that the jurors intended to find the plaintiff Hector Colon 75% responsible for the fire and that his culpability should be considered regarding the breakdown of fault as between the appellant and the plaintiff Alicia Reyes. The defense counsel moved for a mistrial or to modify the verdict sheet to reflect the jury's true intentions. The defense counsel argued that the verdict was inconsistent since the jury did not intend to find the appellant 100% at fault for the plaintiff Alicia Reyes's injuries. The court denied the appellant's application in its entirety, noting that the defense counsel had consented to the form of the verdict sheet. The court then polled the jurors, who reiterated that it was their intention to find the plaintiff Hector Colon 75% at fault for the "entire case". The jurors confirmed, however, that the plaintiff Alicia Reyes was free from fault. The court determined that the jury's verdict was proper since the plaintiff Hector Colon's negligence could not be attributed to the plaintiff Alicia Reyes.

In this case the jury returned a special verdict deciding issues of fact with respect to the relative degree of fault of the parties which contributed to the happening of the occurrence. It is clear from the polling of the jury that it intended to find as a fact that Hector Colon was 75% at fault, that the appellant was 25% at fault, and that Alicia Reyes was not at fault with respect to this incident. The court erred in denying so much of the motion of the appellant's counsel as was, in effect, to modify the jury's special verdict to conform to its actual findings, and we now grant that relief and correct the factual findings contained in the amended interlocutory judgment accordingly.

The remaining major issue on this appeal concerns the legal consequences of the jury's factual findings apportioning fault in the happening of the occurrence. In this case, the jury returned a special verdict which "is one in which the jury finds the facts only, leaving the court to determine which party is entitled to judgment thereon" (CPLR 4111 [a]). Therefore, the defendant is liable to Hector Colon for 25% of the damages suffered by him, namely the proportion of the damages he sustained which are attributable to its fault. With respect to Alicia Reyes and Precious Colon, however, the defendant's liability is different.

The appellant is jointly and severally liable with its joint tortfeasor, Hector Colon, for the injuries incurred by Alicia

Reyes and Precious Colon. The defense counsel expressly agreed that any negligence on the part of plaintiff Hector Colon could not be attributed to the plaintiff Alicia Reyes. The appellant may thus not now take a position contrary to that which it advanced before the trial court (see, Kohilakis v Town of Smithtown, 167 AD2d 513). We further note that the appellant did not counterclaim against the plaintiff Hector Colon for contribution (see, Siegel, NY Prac § 173 [2d ed]). It is improper to impute to the plaintiff Alicia Reyes the comparative negligence of the plaintiff Hector Colon (see, Kalechman v Drew Auto Rental, 33 NY2d 397; 2A Weinstein-Korn-Miller, NY Civ Prac § 1411.04; Prosser & Keaton, Torts § 74 [5th ed]). Hence, the amended interlocutory judgment is modified to provide that the appellant is fully liable to Alicia Reyes and Precious Colon.

We have reviewed the appellant's remaining contentions and find them to be without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.