■ In the Matter of AT&T, Respondent, v ZONING BOARD OF APPEALS OF THE TOWN OF RAMAPO et al., Appellants. [623 NYS2d 628] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Ramapo dated April 19, 1993, which, inter alia, found that the petitioner had abandoned its prior non-conforming use of the subject property and thus, was required to obtain conditional use approval of the Planning Board of the Town of Ramapo to construct a digital microwave telecommunications transmission tower, the Zoning Board of Appeals of the Town of Ramapo and the Town of Ramapo, appeal from a judgment of the Supreme Court, Rockland County (Bergerman, J.), dated August 27, 1993, which, inter alia, granted the petition, and declared that the petitioner's use of the property for a digital microwave telecommunications transmission tower is a use as-of-right.

Ordered that the judgment is affirmed, without costs or disbursements.

The appellants, the Zoning Board of Appeals of the Town of Ramapo and the Town of Ramapo, contend that the Supreme Court should have remitted the instant matter to the Zoning Board of Appeals in light of a factual error which undermined the administrative proceedings. Specifically, the Zoning Board of Appeals contends that its determination that the petitioner's proposed use of its property was not as-of-right in an R-25 zone, must be reevaluated since the property is actually located in an LO-R zone, and that it should have been afforded the opportunity to decide whether the use is as-of-right in an LO-R zone. However, by a stipulation executed after this proceeding was commenced, the Zoning Board of Appeals expressly agreed that "the fact that the property was incorrectly stated as being in an R-25 Zoning District does not in any way effect [sic] the validity or conduct of the hearing before the [Zoning Board of Appeals]" and it consented to the Supreme Court's retention of this matter for disposition. Accordingly, not only are the appellants' present contentions unpreserved for appellate review since they were never raised before the Supreme Court (see, Sher v Allied Bayview Corp., 207 AD2d 536; Pellic Dev. Corp. v Whitestone Equities Farmingdale Corp., 199 AD2d 483), the appellants are judicially estopped from advancing this claim which is wholly contradictory to the terms of their stipulation (see, Reyes v 38 Sickles St. Corp., 188 AD2d 518; Kohilakis v Town of Smithtown, 167 AD2d 513; Karasik v Bird, 104 AD2d 758). As such, the appellants' sole contention raised on this appeal must be rejected.

In any event, we find that the Supreme Court correctly determined the petitioner's proposed use of the property to be a use as-of-right. Pursuant to the zoning ordinance, uses permitted by right in an LO-R zone are determined by reference to uses permitted in NS zones (Town of Ramapo Zoning Code § 376-31). In an NS zone, public utility buildings are uses permitted by right, and public utility buildings are defined as including transmission towers. Therefore, even assuming that the Zoning Board of Appeals was correct that the petitioner's interruption in its use of the property while it was being converted from analog to digital technology constituted an abandonment of a prior nonconforming use pursuant to the zoning ordinance provisions in effect in 1968 when the property was first purchased by the petitioner, its use of the property under the current zoning classification and ordinance

is as-of-right. Mangano, P. J., Rosenblatt, Miller and Ritter, JJ., concur.