ENVIRONMENTAL CONCERN, INC., Appellant, v LARCHWOOD
CONSTRUCTION CORP., et al., Respondents.

Second Department, May 29, 1984

APPEARANCES OF COUNSEL

*Ingerman, Smith, Greenberg & Gross* (*Jonathan Heidel-
berger* and *Bernard C. Smith* of counsel), for appellant.

*Lynn, Ledwith & Quinlan* (*Robert P. Lynn, Jr.,* of coun-
sel), for respondents.

OPINION OF THE COURT

TITONE, J. P.

In this action to recover damages for breach of contract
and for violation of the trust fund provisions of sections 70
and 71 of the Lien Law, the plaintiff appeals from an order
of the Supreme Court, Suffolk County, which denied its
motion for summary judgment on the issue of liability. We
conclude that the doctrine of estoppel against inconsistent
positions mandates a reversal.

Defendant Larchwood Construction Corp. (Larchwood) entered into an agreement with a joint venture, which was engaged in the construction of the Southwest Sewer District project in Suffolk County, to produce a certain marsh grass known as Spartina Alterniflora for planting outside the sewer outfall areas. Larchwood then entered into a subcontract with plaintiff Environmental Concern, Inc. (Environmental), which required the plaintiff to supply the necessary plants. The two agreements were virtually identical except for price and provisions for progress payments.

As a result of delay in construction, the Spartina Alterniflora could not be planted as scheduled in the summer of 1979. The plants were not delivered and the major portion of them died as a result of a freeze in early 1980. Thereafter, Larchwood brought an action against the sewer district and the joint venture for breach of contract. It was Larchwood's position that the plants met the contractual specifications and were ready for delivery on the delivery dates specified in the agreement.

After a nonjury trial, Larchwood was awarded a judgment in the principal sum of $185,000. The court found that the joint venture was obligated to arrange for acceptance of the plants in July-August, 1979; that the plants met the specifications as of that time; that as a result of a freeze a major portion of the plants died in early 1980 and therefore such plants did not meet specifications as of March 11, 1980; that Larchwood did not waive the joint venture's default in timely acceptance; and that the risk of loss from the freeze passed to the joint venture.

When Larchwood subsequently failed to honor its commitment with plaintiff, plaintiff commenced this suit against Larchwood and its president for breach of contract and violation of the trust fund provisions of sections 70 and 71 of the Lien Law. In their answer, defendants set forth six affirmative defenses, which, in essence, asserted that the plants did not meet contractual specifications and were not tendered in accordance with the terms of the contract.

Urging that the issues tried and determined in the first action were identical, plaintiff sought summary judgment on the issue of liability. Special Term found that the

matters raised as affirmative defenses had not been explicitly determined previously, and denied the motion. We reverse.

At the outset, we note that our concern is not with collateral estoppel or issue preclusion as the defendant Larchwood was successful in the first action. Collateral estoppel is applied against a party to the first action who "had a fair chance to have the issue determined in his favor there, and failed" (Siegel, NY Prac, § 457, p 605).

Nonetheless, the doctrine of estoppel against inconsistent positions precludes a party from "framing his * * * pleadings in a manner inconsistent with a position taken in a prior proceeding" (Note, The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings, 59 Harv L Rev 1132; see, also, Beck, Estoppel Against Inconsistent Positions in Judicial Proceedings, 9 Brooklyn L Rev 245; *Ferrandino v Cartelli,* 12 AD2d 604). The doctrine rests upon the principle that a litigant "should not be permitted * * * to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise" (Note, *op. cit.,* 59 Harv L Rev 1132).

"The policies underlying preclusion of inconsistent positions are 'general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings.'" (*State of Arizona v Shamrock Foods Co.,* 729 F2d 1208, 1215, quoting from 1B Moore's Fed Prac, par 405[8], p 767.) In short, "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position" (*Davis v Wakelee,* 156 US 680, 689).

*Houghton v Thomas* (220 App Div 415, affd 248 NY 523) is illustrative. In that case, an action had been brought by a law firm to recover a fee from a client. One partner, who had left the firm and had been named a party defendant, testified that the firm had not done the required work under the agreement. When he later sued to wind up the partnership, the court held that he was precluded from recovering a portion of the fee which his partners recovered despite his testimony, noting (*supra,* p 423): "We think

defendant Mack is estopped from a recovery of any judgment in this counterclaim, and that he comes within the rule that a claim made or position taken in a former action or judicial proceeding will estop the party from making any inconsistent claim or taking a conflicting position in a subsequent action or judicial proceeding to the prejudice of the adverse party. We conclude that he should not be permitted to assert his counterclaim under any technical rule of law when he has so conducted himself that it would be contrary to equity to permit him to profit at plaintiffs' or defendant Thomas' expense".

Analysis leads to the same conclusion here. The basis of Larchwood's affirmative defenses is that the plants did not meet contractual specifications and that the risk of loss remained on the plaintiff. Both issues were, however, necessarily determined in the prior action. Larchwood, as plaintiff in that action, could not have prevailed unless it had established that the risk of loss had passed to the joint venture (Uniform Commercial Code, §§ 2-708, 2-709; see White & Summers, Uniform Commercial Code [2d ed], § 7-4, p 260). To now take a contrary tack would be inconsistent with the position taken in the first action. We cannot tolerate this "playing 'fast and loose with the courts'" (*Scarano v Central R. Co. of N. J.*, 203 F2d 510, 513; see, also, *Konstantinidis v Chen*, 626 F2d 933) and thus invoke the doctrine of estoppel against inconsistent positions.

Inasmuch as defendants are estopped from asserting the affirmative defenses pleaded in their answer and there are no triable issues of fact, the order appealed from should be reversed, with costs, plaintiff's motion for summary judgment on the issue of liability granted, and the case remitted to Supreme Court, Suffolk County, for further proceedings.

MANGANO, THOMPSON and BROWN, JJ., concur.

Order of the Supreme Court, Suffolk County, dated August 11, 1983, reversed, on the law, with costs, plaintiff's motion for summary judgment on the issue of liability granted, and matter remitted to Special Term for further proceedings consistent with the opinion herewith.