■ ANONYMOUS, Appellant-Respondent, v ANONYMOUS, Respondent-Appellant.—In an action to set aside a separation agreement which was the basis for a conversion divorce between the parties, the plaintiff husband appeals from so much of an order of the Supreme Court, Westchester County (Donovan, J.), entered February 12, 1987, as granted the defendant wife's motion for partial summary judgment dismissing the plaintiff's first through fourth causes of action, and the defendant filed a notice of cross appeal from that order.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

At issue on this appeal is a separation agreement entered into between the parties on or about September 19, 1977, and incorporated, but not merged, in a judgment of divorce dated February 3, 1981. The financial provisions of the agreement provide, in pertinent part, that all the plaintiff's rights and title to the marital residence will be relinquished to the defendant. Furthermore, the plaintiff is required to pay to the defendant one half of his salary as permanent alimony. These parties have previously been involved in several matrimonial actions and proceedings involving this separation agreement. Immediately following the entry of the conversion divorce judgment in 1981 the defendant commenced an action to set aside the agreement alleging duress, undue influence, fraud, and the ineffective assistance of counsel in the procurement of the conversion divorce. By order of the Supreme Court, Westchester County (Dachenhausen, J.), dated July 23, 1981, the court dismissed the complaint upon the ground, as the plaintiff asserted, that the defendant was collaterally estopped from bringing these causes of action. The defendant did not appeal this order. Thereafter, the defendant sought enforcement of the financial provisions of the separation agreement, first in 1982 and in 1985. In February 1983 the parties entered into a stipulation of settlement pursuant to which the plaintiff agreed to pay arrears according to the agreement. By order of the Supreme Court, Westchester County (Coppola, J.), entered April 22, 1985, the defendant was granted leave to enter a money judgment for $8,776 in arrears.

The present action, commenced by the plaintiff in 1985 alleged that the parties' separation agreement should be set aside. The plaintiff's first through fourth causes of action seeking rescission and reformation alleged, respectively, that the agreement was secured through the duress and undue influence of the defendant. Furthermore, the plaintiff alleged that the agreement was unconscionable and impossible for him to perform. As a fifth cause of action, the plaintiff sought modification of the agreement's financial provisions on the ground that his financial status had changed. In granting those branches of the defendant's motion which were for partial summary judgment dismissing the plaintiff's first through fourth causes of action, the court found that the plaintiff was collaterally estopped from asserting these causes of action. The court further found that the plaintiff ratified

the separation agreement. We affirm the order insofar as appealed from by the plaintiff, but on the reasoning that the plaintiff is judicially estopped from asserting the first four causes of action he asserts in the instant action. We affirm the factual finding that the plaintiff ratified the separation agreement by his conduct.

Generally, judicial estoppel, also known as estoppel against inconsistent positions, will be applied where a party to an action has secured a judgment in his or her favor by adopting a certain position and then has sought to assume a contrary position in another action simply because his interests have changed *(see, Greven v Muir,* 128 AD2d 753, 754; *Hinman, Straub, Pigors & Manning v Broder,* 124 AD2d 392, 393, citing *Davis v Wakelee,* 156 US 680, 689; *Kasmarski v Terranova,* 115 AD2d 640; *Environmental Concern v Larchwood Constr. Corp.,* 101 AD2d 591; *Knight v Knight,* 31 AD2d 267, *affd* 25 NY2d 957). As stated by this court in *Environmental Concern v Larchwood Constr. Corp. (supra,* at 593, quoting from Note, *The Doctrine of Preclusion Against Inconsistent Positions in Judicial Proceedings,* 59 Harv L Rev 1132), this doctrine "precludes a party from 'framing his * * * pleadings in a manner inconsistent with a position taken in a prior proceeding' * * * The doctrine rests upon the principle that a litigant 'should not be permitted * * * to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise' ". Moreover, "it is not necessary that the prior judgment, whether valid or invalid, influence[d] the * * * party to act to his detriment; it is enough that the judgment may do so" *(Knight v Knight, supra,* at 271). Analysis leads to the same conclusion here. In the action for a conversion divorce brought by the plaintiff, and in the defendant's action to set aside the separation agreement, the plaintiff assumed the position that the separation agreement's financial provisions were amenable to him and he did not object thereto, thereby effectively conceding that the agreement should be preserved. Accordingly, the plaintiff is bound by his first position, and may not now, in a separate action, claim that the contract is invalid and seek to set it aside.

Moreover, the plaintiff effectively ratified the separation agreement. A party to a separation agreement will be deemed to have ratified its terms where such party "acquiesced in the agreement and received the benefits under it for a considerable period of time" *(Beutel v Beutel,* 55 NY2d 957, 958; *see, Cordero v Cordero,* 135 AD2d 483; *Glaser v Glaser,* 127 AD2d

741). In the instant case, the plaintiff not only "acquiesced" in the terms and provisions of the separation agreement but, moreover, affirmatively employed it to secure the benefits of the conversion divorce more than a year later.

Finally, the defendant's failure to address, in her brief, the propriety of the court's denial of that branch of her motion for partial summary judgment which was to dismiss the plaintiff's fifth cause of action precludes appellate review and requires dismissal of her cross appeal as abandoned. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.