■ THEODORE W. NEUMANN, JR., Doing Business as FALKIRK HOSPITAL, et al., Appellants, v METROPOLITAN MEDICAL GROUP, P. C., et al., Respondents.—In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties under a contract dated May 17, 1982, the plaintiffs appeal, (1) as limited by their briefs, from so much of an order of the Supreme Court, Orange County (Ritter, J.), dated October 22, 1987, as, *inter alia,* granted the defendants' cross motion for partial summary judgment (a) in favor of the defendant Met-

ropolitan Medical Group, P. C. on the first counterclaim which was to recover on a promissory note, and (b) dismissing those causes of action predicated upon an alleged breach of "a fiduciary or other confidential relationship", and (2) from a judgment of the same court dated November 10, 1987 which, *inter alia,* is in favor of the defendant Metropolitan Medical Group, P. C. and against them in the principal sum of $410,180.

Ordered that the appeal from the order entered October 22, 1987 is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The instant action has its genesis in a management contract executed by the parties on May 17, 1982. The plaintiff Theodore W. Neumann, Jr., M.D. is the sole proprietor of the plaintiff Falkirk Corporation, a private hospital for the treatment of neuropsychiatric disorders located in Central Valley, New York. The defendants A. Carter Pottash, M.D. and Mark S. Gold, M.D. are the owners and directors of the defendant Metropolitan Medical Group, P. C. (hereinafter MMG), one of five affiliated entities in the business of psychiatric clinical care and research.

In May of 1982, Dr. Neumann, on behalf of Falkirk Corporation, entered into an agreement with Dr. Pottash as president of MMG, whereby MMG would be the exclusive provider of clinical services and clinical administrative services to Falkirk Hospital for a five-year period. However, MMG retained various renewal options which could be exercised to extend the agreement for up to 25 years. Additionally, the agreement could be terminated by either party upon the other's default in the performance of any "covenants or conditions", on written notice unless the defaulting party cured the default within 60 days of receiving written notice thereof. Significantly, the agreement expressly provided that MMG's relationship to Dr. Neumann and Falkirk Hospital was that of an independent contractor, and that none of MMG's agents, officers, directors or representatives were to be considered by the parties to be employees of Dr. Neumann or Falkirk

Hospital. It further provided that the agreement was not to be construed as creating a "partnership, joint venture or similar arrangement between the parties" and with some exceptions not relevant here, provided that "nothing herein shall be construed to authorize either party to act as agent for the other".

Although the facts underlying the parties' performance of the agreement are sharply contested and remain to be decided at the trial of the contract causes of action, it appears that pursuant to the agreement, MMG ran virtually all phases of Falkirk Hospital's clinical services to the satisfaction of both parties. In May of 1985, however, Drs. Pottash and Gold, in their individual capacities, purchased Stony Lodge Hospital, Inc., which is also a psychiatric institution, situated across the Hudson River in nearby Ossining, Westchester County. It is unclear as to whether Stony Lodge Hospital, Inc. is a competing facility and whether patient referrals have been diverted from Falkirk Hospital to Stony Lodge Hospital, Inc. Nevertheless, for reasons not entirely clear on the instant record, Dr. Neumann in his individual capacity and on behalf of the plaintiff corporation, commenced the instant action, *inter alia,* for a judgment declaring the plaintiffs' right to terminate the agreement. He also sought a preliminary injunction to maintain the status quo by compelling the defendants to continue to perform pursuant to the agreement.

The plaintiffs then moved for summary judgment, alleging, *inter alia,* that the purchase of Stony Lodge Hospital, Inc. by Drs. Pottash and Gold constituted a breach of the fiduciary duties owed by them to Dr. Neumann and Falkirk Hospital. The defendants' cross motion for partial summary judgment dismissing the claims based on an alleged fiduciary relationship was granted and this appeal ensued.

Contrary to the plaintiffs' contentions, the agreement between the parties did not create a fiduciary relationship. At the time the parties executed the contract in issue, Dr. Neumann was well aware of the fact that Drs. Pottash and Gold, through MMG and various other corporate entities known collectively as the Fair Oaks Group, were providing clinical services and clinical administrative services to numerous private psychiatric facilities similar to Falkirk. While the contract makes MMG the exclusive provider of clinical services and clinical administrative services at Falkirk, nowhere in this detailed contract is there any attempt to limit or restrict the right of MMG or the individual defendants to provide such services to any other facility. Thus, it was clearly understood

by the parties from the outset that MMG would be permitted to provide clinical services and clinical administrative services for other facilities such as Stony Lodge Hospital without violating any duty owed to the plaintiffs (Restatement [Second] of Agency § 393 [1958]). Nor is there merit to the plaintiffs' claim that the defendants breached a fiduciary duty in allegedly diverting referrals from Falkirk to Stony Lodge. At the outset, it should be noted that nothing in the contract requires the defendants to make or obtain referrals for Falkirk. In fact, a provision in the contract inferentially requiring MMG to make referrals to Falkirk was stricken prior to execution. In spite of this, the plaintiffs entered into the contract based upon the expectation that the reputation of the Fair Oaks Group would attract referrals.

A fair reading of the contract established that MMG agreed only to provide clinical services and clinical administrative services to Falkirk, as well as to other similar facilities, which it has done. The actions of Drs. Pottash and Gold in acquiring Stony Lodge Hospital did not violate any fiduciary duty. Therefore, the Supreme Court was correct in dismissing those causes of action predicated upon an alleged breach of a fiduciary duty. Similarly, Dr. Neumann could not assert the alleged breach as a defense to the counterclaim on the demand promissory note executed by him in favor of MMG, which was executed to secure payment for services rendered previously by MMG.

We have examined the plaintiffs' remaining contentions and find them to be without merit. Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.