■ THEODORE W. NEUMANN, JR., Doing Business as FALKIRK HOSPITAL, et al., Appellants, v METROPOLITAN MEDICAL GROUP, P. C., et al., Respondents.—In an action, *inter alia,* for a judgment declaring the rights and obligations of the parties under a contract dated May 17, 1982, the plaintiffs appeal from an order of the Supreme Court, Orange County (Ritter, J.), dated February 9, 1988, which granted the defendants' motion for a preliminary injunction enjoining them from unilaterally terminating the contract.

Ordered that the order is affirmed, with costs.

Subsequent to obtaining a judicial declaration to the effect that the plaintiffs were not entitled to terminate the subject contract *(see, Neumann v Metropolitan Med. Group,* 153 AD2d 885 [decided herewith]), the plaintiff Dr. Neumann nevertheless attempted to do just that. On December 17, 1987, Dr. Neu-

mann advised physicians employed by Metropolitan Medical Group, P. C. (hereinafter MMG) at Falkirk Hospital that their services were no longer required and that the contract was terminated. The contract was purportedly terminated because of Falkirk Hospital's precarious financial position, allegedly caused by MMG's mismanagement, and because of Dr. Neumann's lack of control over the hospital which was allegedly jeopardizing its recertification by the State. The defendants obtained a preliminary injunction to maintain the status quo, pending a full determination of the merits.

Contrary to the plaintiffs' contentions, the court did not abuse its discretion by enjoining their unilateral termination of the contract. It warrants repeating that this was the very relief sought by the plaintiffs in their verified complaint. "It is a well-settled principle of law in this State that a party who assumes a certain position in a legal proceeding may not thereafter, simply because his interests have changed, assume a contrary position. (See *Matter of Martin v C.A. Prods. Co.,* 8 NY2d 226, 231; *Houghton v Thomas,* 220 App Div 415, 423, affd 248 NY 523.) Invocation of the doctrine of estoppel is required in such circumstances lest a mockery be made of the search for truth." *(Karasik v Bird,* 104 AD2d 758). Indeed, having charted their own course, the plaintiffs cannot now be heard to complain of the result *(cf., Orens v Secofsky,* 60 AD2d 866, 867).

In any event, we discern no error in the granting of the defendants' motion for a preliminary injunction as they have sufficiently demonstrated the likelihood of their success on the merits, irreparable injury *(see, Board of Higher Educ. v Marcus,* 63 Misc 2d 268, 272; *see also, Anthony F. Wasilkowski, M.D., P. C. v Amsterdam Mem. Hosp.,* 92 AD2d 1016, 1017), and a balancing of the equities in their favor *(see, Matter of Brenner v Hart Sys.,* 114 AD2d 363, 366). Accordingly, vacatur of the injunction is not warranted. Lawrence, J. P., Sullivan, Harwood and Balletta, JJ., concur.