■ JOHN KOHILAKIS et al., Respondents, v TOWN OF SMITH-TOWN et al., Defendants, and COUNTY OF SUFFOLK, et al., Appellants.—In an action, *inter alia,* to recover damages for personal injuries, the defendants County of Suffolk and Douglas Mercer appeal from an order of the Supreme Court, Suffolk County (Cannavo, J.), entered May 9, 1989, which granted the plaintiffs' motion for discovery and inspection of certain documents and photographs.

Ordered that the order is affirmed, with costs.

The appellants contend that the Supreme Court erred by ordering them to produce for the plaintiffs' discovery and inspection certain specified documents concerning the automobile accident involving the plaintiff and a Suffolk County Police car. The appellants assert that these documents constitute police department personnel records shielded from disclosure by Civil Rights Law § 50-a. However, the applicability of Civil Rights Law § 50-a was never raised before the Supreme Court. The appellants instead relied upon the invocation of only an alleged work product privilege and later upon an undefined privilege allegedly applicable to internal police department correspondence. Having failed to raise the applicability of Civil Rights Law § 50-a before the Supreme Court, the appellants may not now raise their present argument for the first time on appeal (see, Gunzburg v Gunzburg, 152 AD2d 537; Empire Indus. Sys. Corp. v Northeastern Bank, 144 AD2d 429; Rohdie v Michael Guidice, Inc., 132 AD2d 541; Schoonmaker v State of New York, 94 AD2d 741).

Furthermore, as to all but the alleged Police Internal Affairs documents, the appellants are judicially estopped from opposing disclosure (see, Kimco of N. Y. v Devon, 163 AD2d 573; Neumann v Metropolitan Med. Group., 153 AD2d 888; Karasik v Bird, 104 AD2d 758). Indeed, upon their prior motion to enlarge their time to perfect their appeal, the appellants asserted to this court that they did "not object to the discovery of most of the documents * * * [except] the Police Internal Affairs documents". Having made the foregoing concession, the appellants may not now argue that all of the documents requested by the plaintiffs are privileged and confidential and thus immune from discovery (see, Environmental Concern v Larchwood Constr. Corp., 101 AD2d 591, 594; Scarano v Central R. R. Co., 203 F2d 510, 513). Suffice it to say, even with respect to the alleged Police Internal Affairs documents, the defendants' failure to raise the bar of Civil Rights Law § 50-a is fatal to their request to keep those documents confidential.

We have reviewed the appellants' remaining contentions and find them to be unpreserved for appellate review and, in any event, without merit. Harwood, J. P., Balletta, Miller and O'Brien, JJ., concur.