■ In the Matter of the TOWN OF BABYLON, Appellant, v SCTM 0100-76-01-008 (RAVICH REALTY CORP.), Respondent. [607 NYS2d 704] —In a condemnation proceeding that was settled by written stipulation dated July, 1990, the Town of Babylon appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Suffolk County (Geiler, J.), dated May 20, 1991, as awarded the condemnee's attorney legal fees in the principal sum of $6,375.

Ordered that the judgment is affirmed insofar as appealed from, without costs or disbursements.

By a settlement agreement executed in July 1990, the parties settled a compensation claim stemming from the condemnation of the respondent's property. The agreement provided, *inter alia,* that the appellant would pay an additional $98,000 in compensation. Notwithstanding this agreement,

however, the appellant refused to remit the agreed sum, claiming it was entitled to a setoff for potential damages to be incurred as a result of the environmental cleanup of a different piece of property allegedly contaminated with hazardous waste by the respondent. The respondent then made the instant motion, *inter alia,* to compel enforcement of the settlement agreement. By order dated February 20, 1991, the Supreme Court granted the motion to the extent of directing the appellant to pay the $98,000 balance on the compensation award, and to pay moving expenses of $25,000 pursuant to General Municipal Law § 74-b. These sums were paid, and the appellant did not appeal from that order. That order further directed an inquest to be held on the respondent's claim for attorneys' fees. After the inquest, the court directed the payment of fees of $6,375 to the respondent's attorney. Judgment was entered in that amount, and this appeal ensued.

The sole claim by the appellant in this Court, that the Supreme Court lacked the authority to enforce the stipulation that settled the condemnation proceeding, is not preserved for appellate review. Further, in response to the motion to enforce the stipulation, the appellant cross-moved for relief pursuant to EDPL 505, and therefore affirmatively invoked the jurisdiction of the court. Thus, the appellant is judicially estopped from now arguing that the court was without "jurisdiction to entertain a claim not only for the enforcement of the Settlement Agreement but for the payment and awarding of attorney's fees as well" *(see, Kohilakis v Town of Smithtown,* 167 AD2d 513; *Neumann v Metropolitan Med. Group,* 153 AD2d 888).

In any event, we find that the court did have the jurisdiction to entertain the respondent's motion to compel enforcement of the stipulation *(see, Teitelbaum Holdings v Gold,* 48 NY2d 51), and that the award of attorneys' fees was warranted in this case to compensate the respondent for the costs it incurred in overcoming the appellant's unwarranted opposition to its payment obligations and its frivolous legal conduct in furtherance thereof *(see,* 22 NYCRR 130-1.1).

We pass upon no other issue. Sullivan, J. P., Rosenblatt, Copertino and Hart, JJ., concur.