■ LINDA FRYE, Appellant, v NEW YORK TELEPHONE COMPANY, Respondent. [716 NYS2d 905] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Kings County (Clemente, J.), dated August 24, 1999, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment is denied.

Under the circumstances, there are issues of fact as to whether there was an agreement to pay the plaintiff the sum of $50,000 (see, CPLR 3212). Accordingly, the defendant is not entitled to summary judgment. Florio, J. P., McGinity, Luciano and Feuerstein, JJ., concur.

■ MELVIN H. GALE, Appellant, v CITICORP et al., Respondents. [716 NYS2d 905] —In an action, inter alia, to recover damages for fraud and breach of contract, the plaintiff appeals from an order of the Supreme Court, Queens County (Milano, J.), dated July 21, 1999, which granted the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The Supreme Court correctly determined that the instant action was barred by the releases signed by the plaintiff releasing the defendants from "any and all claims * * * arising from the business relationship" between the parties. The meaning and coverage of a general release necessarily depends upon the controversy being settled and upon the purpose for which the release was given. A release may not be read to cover matters which the parties did not intend to cover (see, Cahill v Regan, 5 NY2d 292, 299; Grab v Jewish Assn. for Servs. for Aging, 254 AD2d 455, 456; Dillon v Dean, 236 AD2d 360; Structural Processing Corp. v Farboil Co., 234 AD2d 284; Lefrak SBN Assocs. v Kennedy Galleries, 203 AD2d 256). Under the circumstances of this case, there was no question that the releases at issue were intended to include the plaintiff's present causes of action (see, K3 Equip. Corp. v Kintner, 233 AD2d 556; Mergler v Crystal Props. Assocs., 179 AD2d 177; Matter of O'Hara, 85 AD2d 669; cf., Best v Yutaka, 90 NY2d 833; Grab v Jewish Assn. for Servs. for Aging, supra).

The plaintiff's remaining contentions are without merit. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.