GERALD SPENCE et al., Appellants, v DAVID JONES et al., Defendants, and JP MORGAN CHASE MANHATTAN BANK, et al., Respondents. [858 NYS2d 276]—

In an action pursuant to RPAPL article 15 to determine title to real property, the plaintiffs appeal from an order of the Supreme Court, Kings County (Schack, J.), dated January 26, 2007, which, inter alia, granted the motion of the defendant JP Morgan Chase Manhattan Bank for summary judgment dismissing the complaint insofar as asserted against it, granted that branch of the separate motion of the defendant Christine Porter which was for summary judgment dismissing the complaint insofar as asserted against her, and directed a hearing to determine that branch of her motion which was for the imposi-

tion of sanctions against the plaintiffs for commencing a frivolous action.

Ordered that the appeal from so much of the order as directed a hearing to determine that branch of Christine Porter's cross motion which was for the imposition of sanctions against the plaintiffs is dismissed; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent JP Morgan Chase Manhattan Bank.

The appeal from so much of the order as directed a hearing to determine that branch of the defendant Christine Porter's cross motion which was for imposition of sanctions against the plaintiffs is dismissed, as an order that directs a hearing on a motion does not affect a substantial right and is not appealable as of right, and leave to appeal has not been granted (*see* CPLR 5701 [a], [c]; *Espie v Murphy,* 35 AD3d 346, 347 [2006]).

Contrary to the plaintiffs' contentions, the court properly granted the motion of the defendant JP Morgan Chase Manhattan Bank (hereinafter Chase) for summary judgment dismissing the complaint insofar as asserted against it. Chase established its prima facie entitlement to judgment as a matter of law by showing that the claims against it depended on the validity and viability of claims against its mortgagors, against whom the plaintiffs' complaint was dismissed, inter alia, under CPLR 3012 (b), and who were thus not parties to the action. In opposition, the plaintiffs failed to raise a triable issue of fact.

Contrary to the plaintiffs' contention, the court properly granted that branch of Porter's separate motion which was for summary judgment dismissing the complaint insofar as asserted against her. In response to Porter's prima facie showing of entitlement to judgment as a matter of law on the ground that the claims against her are barred by a settlement agreement and release entered into by the same parties in another action, the plaintiffs failed to raise a triable issue of fact (*see e.g. Gale v Citicorp,* 278 AD2d 197 [2000]; *K3 Equip. Corp. v Kintner,* 233 AD2d 556, 557-558 [1996]).

The plaintiffs' remaining contention is without merit. Fisher, J.P., Ritter, Florio and Carni, JJ., concur.