■ Byung W. Lim, Appellant, v Choices, Inc., Respondent. [875 NYS2d 192]—

In an action, inter alia, to recover unpaid rent, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Taylor, J.), dated February 7,

2008, as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

In support of that branch of its motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint, the defendant established that the parties entered into a stipulation of settlement through the submission of an affidavit of its president, an agreement memorializing the parties' agreement to settle and discontinue the instant action signed by both parties, and a copy of the bank check referenced in the agreement representing full settlement and satisfaction of all claims asserted in the action (*see* CPLR 2104). In opposition, the plaintiff submitted an affidavit in which he did not deny either signing the agreement or accepting and cashing the bank check. Thus, there was no dispute that the parties entered into a valid "out-of-court settlement [that was] adequately described in a signed writing" (*Bonnette v Long Is. Coll. Hosp.*, 3 NY3d 281, 286 [2004]). Moreover, contrary to the plaintiff's contention, notwithstanding the absence of the filing of a voluntary discontinuance under CPLR 3217, the documentary evidence proffered in support of the motion clearly evidenced the plaintiff's intent to release the defendant from the action (*see Gale v Citicorp*, 278 AD2d 197 [2000]; *see also Spence v Jones*, 51 AD3d 771, 772 [2008]; *Hanna v Ford Motor Co.*, 252 AD2d 478 [1998]).

Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

The plaintiff's remaining contention is without merit. Skelos, J.P., Ritter, Florio and Miller, JJ., concur.