■ RIGO COBENAS et al., Plaintiffs v GINSBURG DEVELOPMENT COMPANIES, LLC, et al., Defendants/Second Third-Party Plaintiffs-Respondents, and LEOPARD FRAMING CORP., Defendant/Third-Party Plaintiff-Respondent. MAURICIO SOARES, Third-Party Defendant/Second Third-Party Defendant-Appellant. (And Other Titles.) [20 NYS3d 402]—

In an action, inter alia, to recover damages for personal injuries, etc., the third-party defendant/second third-party defendant, Mauricio Soares, appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Onofry, J.), dated October 15, 2012, as denied his motion for summary judgment dismissing the third-party complaint and the second third-party complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the third-party plaintiff and the second third-party plaintiffs appearing separately and filing separate briefs.

The plaintiff Rigo Cobenas (hereinafter the plaintiff) allegedly was injured while he was working at a construction site when he was struck by a piece of plywood that had been blown by the wind. The plaintiff, and his wife suing derivatively, commenced this action against Ginsburg Development Companies, LLC, Ginsburg Development Corp., GDC Construction & Development Corp., and Fairways Wallkill, LLC (hereinafter collectively Ginsburg), the owners of the property, and against Leopard Framing Corp. (hereinafter Leopard), a contractor hired by Ginsburg to do the framing work on the construction project. The complaint alleged that the plaintiff was employed by a subcontractor named Juan F. Sarango. At his nonparty deposition, Sarango testified that someone from Leopard had provided him with paperwork to run a business under the name of Mauricio Soares, which included obtaining a general liability insurance policy under that name with Preferred Mutual Insurance Company (hereinafter Preferred). After discovery was

completed in the main action, Leopard commenced a third-party action for indemnification and contribution against Soares, and a third third-party action against Sarango. Ginsburg commenced a second third-party action against Soares, and a fourth third-party action against Sarango. Sarango was served with process, but Ginsburg and Leopard were unable to locate Soares. The Supreme Court granted their application to serve Soares via Preferred. Thereafter, counsel, appointed by Preferred, served answers on behalf of Soares.

Ginsburg and Leopard sought to depose Soares. After Soares repeatedly failed to appear, they moved to strike Soares' answer. The Supreme Court granted the motion, and Soares appealed, arguing that Sarango's deposition testimony established that Sarango and Soares were the same person and, therefore, Ginsburg and Leopard had already had the opportunity to depose Soares, as Sarango had been twice deposed. This Court held that the Supreme Court should not have stricken the answer, and that the appropriate remedy was to preclude Soares from testifying at trial (*see Cobenas v Ginsburg Dev. Cos., LLC*, 74 AD3d 1269 [2010]).

Following discovery, Soares moved for summary judgment, arguing, in essence, that Ginsburg and Leopard were not entitled to indemnification because Soares and Sarango were not the same person, there was no evidence that Soares was present at the site on the day of the accident and, therefore, he did not cause the accident. The Supreme Court denied the motion.

" 'Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding' " (*Matter of Hartsdale Fire Dist. v Eastland Constr., Inc.*, 65 AD3d 1345, 1346 [2009], quoting *Maas v Cornell Univ.*, 253 AD2d 1, 5 [1999], *affd* 94 NY2d 87 [1999]). In this case, Soares' claim that he and Sarango were not the same person is manifestly at odds with his representations in his prior appeal before this Court that he and Sarango were the same person. Accordingly, applying the doctrine of judicial estoppel, the Supreme Court properly denied Soares' motion for summary judgment dismissing the third-party complaint and second third-party complaint. Eng, P.J., Balkin, Cohen and Duffy, JJ., concur.