Demetriou v Wolfer (2018 NY Slip Op 07288)





Demetriou v Wolfer


2018 NY Slip Op 07288


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-09342
 (Index No. 8337/12)

[*1]Joyce Demetriou, appellant, 
v
Lindsey Wolfer, etc., respondent.


Lufty & Santora, Staten Island, NY (James L. Lufty of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandell of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for dental malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (Arthur M. Diamond, J.), dated July 26, 2016. The order denied the plaintiff's motion, inter alia, to vacate a stipulation of discontinuance.
ORDERED that the order is affirmed, with costs.
In July 2012, the plaintiff commenced this action to recover damages for dental malpractice. On Friday, October 30, 2015, the plaintiff, by text message, directed her former attorney to discontinue the action. On that date, the former attorney and defense counsel executed a stipulation of discontinuance (see CPLR 3217[a][2]). On Saturday, October 31, 2015, the plaintiff, by text message, directed her former attorney to, among other things, "not dismiss my case under any circumstances; please retract . . . instructions to discontinue." Within 30 minutes of receiving that message, the plaintiff's former counsel advised the plaintiff that the case had already been discontinued. The stipulation of discontinuance was then filed on Monday, November 2, 2015. The plaintiff moved, inter alia, to vacate the stipulation of discontinuance. The Supreme Court denied the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to deny the plaintiff's motion, inter alia, to vacate the stipulation of discontinuance. CPLR 2104 provides that, "[a]n agreement between parties or their attorneys relating to any matter in an action, other than one between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered." Here, there is no dispute that on October 30, 2015, the plaintiff's former counsel had actual authority from his client to enter into the stipulation discontinuing the action on her behalf (see Hallock v State of New York, 64 NY2d 224, 230; Weil, Gotshal & Manges LLP v Fashion Boutique of Short Hills, 56 AD3d 334, 335). Contrary to the plaintiff's contention, the stipulation of discontinuance clearly evidenced the plaintiff's intent to discontinue the action as of October 30, 2015, notwithstanding that she changed her mind prior to the filing of the stipulation on November 2, 2015 (see Lim v Choices, Inc., 60 AD3d 739, 740). Pursuant to CPLR 2104, the stipulation must be regarded as a valid, binding contract (see Pile v Grant, 41 AD3d 810), even though it did not effect a discontinuance until it was filed with the clerk of the court on November 2, 2015 (CPLR 3217[a][2]). In seeking to vacate the stipulation, the [*2]plaintiff failed to meet her burden to establish good cause sufficient to invalidate a contract, such as that the stipulation was the result of duress, fraud, mistake, or overreaching, or that the terms of the stipulation were unconscionable (see Chae Shin Oh v Jeannot, 160 AD3d 701; Pieter v Polin, 148 AD3d 1191).
The plaintiff's remaining contentions are without merit.
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court