McEvoy v McEvoy (2023 NY Slip Op 04764)

McEvoy v McEvoy

2023 NY Slip Op 04764

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-09083
 (Index No. 50787/20)

[*1]Victoria McEvoy, respondent-appellant, 
v
Michael McEvoy, appellant-respondent.

The Levoritz Law Firm, New York, NY (Yonatan S. Levoritz of counsel), for appellant-respondent.
Rower LLC, New York, NY (Raimonde Schwarz and Louisa DeRose of counsel), for respondent-appellant.

DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Teresa M. Ciccotto, J.), dated November 5, 2020. The order, insofar as appealed from, denied the defendant's cross-motion for summary judgment on the validity of the parties' prenuptial agreement and granted those branches of the plaintiff's motion which were to set aside the parties' prenuptial agreement, for temporary maintenance, and for an award of interim attorneys' fees. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for an award of pendente lite child support.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, that branch of the plaintiff's motion which was for pendente lite child support is granted, and the defendant is directed to pay basic child support in the sum of $2,885.94 per month and an 80% pro rata share of the children's add-on expenses during the pendency of this action; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The parties were married on September 13, 2014. Prior to their marriage, they entered into a prenuptial agreement dated July 2, 2014. The agreement stated, inter alia, that marital property would not be created unless the parties placed marital earnings into a joint account or titled property jointly. All property titled in an individual party's name would remain separate property, including income earned during the marriage. Both parties also waived their right to maintenance. At the time of the agreement, the plaintiff was employed by Jewish Metropolitan Hospice and the defendant was employed by the New York City Department of Sanitation. The defendant entered the marriage with assets totaling approximately $355,000, while the schedule purporting to list the plaintiff's assets remained blank.
There are two minor children of the marriage, born in 2015 and 2019. The plaintiff became a stay-at-home parent after the birth of the parties' first child.
The plaintiff suffered a stroke on August 28, 2019. Shortly following her stroke, the plaintiff petitioned the Family Court for, inter alia, a parenting schedule, and the parties were subsequently granted joint physical custody of the children.
In February 2020, the plaintiff commenced this action for a divorce and ancillary relief. Thereafter, she moved, inter alia, to (1) set aside the parties' prenuptial agreement, (2) for temporary maintenance, (3) for an award of pendente lite child support, and (4) for an award of interim attorneys' fees. The defendant cross-moved for summary judgment on the validity of the prenuptial agreement.
The Supreme Court determined that the plaintiff met her burden of establishing that the prenuptial agreement was unconscionable, as the enforcement would result in a risk of her becoming a public charge, denied the defendant's cross-motion for summary judgment, and granted that branch of the plaintiff's motion which was to set aside the parties' prenuptial agreement. The court further awarded the plaintiff $2,885.94 per month in temporary maintenance and $10,000 in interim attorneys' fees, but denied that branch of the plaintiff's motion which was for an award of pendente lite child support.
The defendant appeals, and the plaintiff cross-appeals.
"[D]uly executed prenuptial agreements are generally valid and enforceable given the strong public policy favoring individuals ordering and deciding their own interests through contractual arrangements" (Herr v Herr, 97 AD3d 961, 962 [internal quotation marks omitted]). "An agreement between spouses which is fair on its face will be enforced according to its terms unless there is proof of unconscionability, or fraud, duress, overreaching, or other inequitable conduct" (McKenna v McKenna, 121 AD3d 864, 865). The party seeking to set aside a prenuptial agreement "'bears the burden to establish a fact-based, particularized inequality'" (Petracca v Petracca, 101 AD3d 695, 698, quoting Matter of Greiff, 92 NY2d 341, 346).
"An unconscionable bargain is one which no person in his or her senses and not under delusion would make on the one hand, and no honest and fair person would accept on the other, the inequality being so strong and manifest as to shock the conscience and confound the judgment of any person of common sense" (Morad v Morad, 27 AD3d 626, 627). While "an agreement is not unconscionable 'merely because, in retrospect, some of its provisions were improvident or one-sided'" (Schultz v Schultz, 58 AD3d 616, 616, quoting O'Lear v O'Lear, 235 AD2d 466, 466), "[a]n agreement that might not have been unconscionable when entered into may become unconscionable at the time a final judgment would be entered" (Taha v Elzemity, 157 AD3d 744, 745-746).
Here, contrary to the defendant's contention, the plaintiff sustained her burden of establishing that the prenuptial agreement was unconscionable. Based on the record, the plaintiff has received no benefit from the agreement, as no marital assets were created during the marriage and the plaintiff relinquished all rights to any property or earnings titled in the defendant's name (see Barclay v Barclay, 151 AD3d 676, 678). Further, enforcement of the agreement would result in the risk of the plaintiff becoming a public charge, as she had recently suffered a debilitating stroke, had been unemployed since the birth of the parties' first child, and would be left largely without assets, while the defendant would retain approximately $942,000 in assets and continue making approximately $190,000 per year (see Taha v Elzemity, 157 AD3d at 746). Accordingly, the Supreme Court properly denied the defendant's cross-motion for summary judgment and granted that branch of the plaintiff's motion which was to set aside the parties' prenuptial agreement.
There is no basis to disturb the Supreme Court's awards of temporary maintenance and interim attorneys' fees to the plaintiff, as her statement of net worth annexed to her motion complied with 22 NYCRR 202.16(k)(2).
However, the Supreme Court erred in denying that branch of the plaintiff's motion which was for an award of pendente lite child support. The Court of Appeals "unmistakably held that the [Child Support Standards Act (hereinafter the CSSA)] applies to shared custody cases and that child support in a shared custody case should be calculated as it is in any other case" (Rubin v Della Salla, 107 AD3d 60, 67 [citation and internal quotation marks omitted]). "Where neither parent has the child for a majority of the time, the parent with the higher income, who bears the greater share of the child support obligation, should be deemed the noncustodial parent for the purposes of child support" (Matter of Conway v Gartmond, 144 AD3d 795, 796).
It is undisputed in the record that the parties share physical custody of the children [*2]equally. The defendant is estopped from claiming that he is the primary physical custodian of the children for child support purposes, which is a contrary and inconsistent position to the position he took in motion practice (see Cobenas v Ginsburg Dev. Cos., LLC, 133 AD3d 812, 813). Accordingly, the plaintiff is considered the custodial parent for purposes of child support, as she is the nonmonied spouse.
The Supreme Court determined that the defendant's adjusted income pursuant to the CSSA was $173,156.37, a number that was not disputed by either party. The plaintiff does not have any income, but was awarded $2,885.94 per month in maintenance, or $34,631.28 per year. Pursuant to the calculations provided by the CSSA, the defendant is directed to pay to the plaintiff $2,885.94 per month in basic child support, as well as 80% of the children's add-on expenses, during the pendency of this action (see Domestic Relations Law § 240[1-b][b]).
The defendant's remaining contentions are without merit.
CONNOLLY, J.P., WOOTEN, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court