Tivoli BI LLC. v Andrews (2026 NY Slip Op 50299(U))

[*1]

Tivoli BI LLC. v Andrews

2026 NY Slip Op 50299(U)

Decided on March 12, 2026

Civil Court Of The City Of New York, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 12, 2026
Civil Court of the City of New York, Kings County

Tivoli BI LLC., Petitioner,

againstThelma Andrews, Respondent, "John" "Doe," "Jane" "Doe," Respondent(s).

Index No. LT No. 307038-25

Hannah Cohen, J.

Recitation, as required by CPLR 2219(a), of the papers considered in review of petitioner's motion to reargue this court decision dismissing the petition and granted respondent summary judgment and upon such re argument seeking relief on its cross motion for sanctions and ensuing opposition and reply.
Papers  
 Numbered
Motion 1
Opposition 2
Reply 3

Upon the foregoing cited papers, the Decision and Order on the motion is as follows:
Petitioner commenced this non payment proceeding in March 2025 after service of a rent demand seeking rental arrears of $74,442.61 in rent from May 2020 through December 2024, with a notation see rider attached. Except for one month, the rider lists the basic rent of $1,250 per month owed. The premises is located in a HPD supervised Mitchell Lama unit. In May 2025 respondent appeared with Brooklyn Legal Services and filed an answer which asserted among other defenses, a defective rent demand. In June 2025 respondent and petitioner represented by counsel entered into an out of court agreement in settlement of a pending HPD case. The stipulation dated June 25, 2025 consented to DHPD's jurisdiction and respondent agreed that [*2]$85,052.76 was owed through June 30, 2025. Upon payment by July 30, 2026 of $58,177.76 with July's rent, petitioner would remove $26,875 in charges including sur charges and charges for failure to timely re certify. Upon default petitioner could seek a final judgment and/or seek a certificate of eviction. The stipulation was signed by petitioner's attorney and Brooklyn Legal Services on behalf of the respondent and the respondent.
The herein non payment proceeding was then adjourned and respondent's counsel then filed a motion to dismiss alleging the rent demand is defective as the rent demand did not reflect 64 HRA checks and was defective, Respondent attached HRA printouts and a decision under LT 303352-23 where the court similarly dismissed the petition for a defective rent demand. The court by decision and order granted respondent's motion to dismiss finding that it appears the rent demand did not accurately reflect the correct amount owed.
Petitioner seeks to reargue this courts decision pursuant to CPLR 2221(d) based upon the misrepresentations made by respondent upon which the court relied upon, and facts or law allegedly overlooked or misapprehended by the court in determining the previous motion. Petitioner argues that respondent in its motion stated that petitioner had commenced this proceeding after the HPD stipulation was entered into, when in fact the rent demand was sent in December 2024 and petition was filed March 2025. Respondent settled her HPD case while this case was pending. Petitioner also argues that the stipulation of settlement dated June 25, 2025 settled all claims between the parties wherein the parties also acknowledge the amount of rent owed and when the payments would be made. Petitioner also notes that the previous non payment proceeding in LT 303352-23 was dismissed in July 2024 without prejudice. Petitioner argues that since respondent settled all her claims, including the rental amounts, she cannot not seek to dispute the rent demand by taking an adverse position to this proceeding from her HPD global settlement case. Petitioner seeks for the court upon re argument , to deny respondent's motion to dismiss and seeks reinstatement of its cross motion for sanctions.
Respondent in opposition states that regardless of its misrepresentation as to when the case was commenced, the court's order relied upon the unaccounted for HRA payments and the dismissal should remain. Alternatively respondent argues the $26,875 was waived in the HPD stipulation and cannot be sought herein as surcharges are not rent and is not collectable in Housing Court. Respondent argues that the previous dismissal in LT 3033352-23 is persuasive support upon which the court properly relied upon despite the dismissal was without prejudice.
In reply petitioner again reiterates that respondent agreed to said arrears with counsel in the HPD proceeding and that petitioner has given respondent credit for all HRA checks and attaches a rent ledger.
Here neither side disputes that the parties entered into a valid "out-of-court settlement [that was] adequately described in a signed writing" (Bonnette v. Long Is. College Hosp., 3 NY3d 281, 286, 785 N.Y.S.2d 738, 819 N.E.2d 206) in an administrative proceeding, noting both sides were represented by counsel and the stipulation describes that this settlement is after extensive negotiations by both sides and consenting to DHPD jurisdiction Moreover, contrary to respondent's argument, the stipulation of June 25, 2025 clearly evidenced respondent's agreement to the amount owed in rent as the stipulation even references recent payments already credited in the above rental amount agreed to (see Gale v. Citicorp, 278 AD2d 197, 716 N.Y.S.2d 905; see also Spence v. Jones, 51 AD3d 771, 772, 858 N.Y.S.2d 276; Hanna v. Ford Motor Co., 252 [*3]AD2d 478, 675 N.Y.S.2d 125; Lim v. Choices, Inc., 60 AD3d 739, 740, 875 N.Y.S.2d 192, 193 (2009)
Furthermore, "Under the doctrine of judicial estoppel, or estoppel against inconsistent positions, a party is precluded from inequitably adopting a position directly contrary to or inconsistent with an earlier assumed position in the same proceeding" (Cobenas v. Ginsburg Dev. Cos., LLC, 133 AD3d 812, 813, 20 N.Y.S.3d 402 [internal quotation marks omitted]; see McEvoy v. McEvoy, 219 AD3d 1513, 1516, 196 N.Y.S.3d 758). The doctrine further "precludes a party who assumed a position in one legal proceeding and prevailed in maintaining that position from assuming a contrary position in another proceeding simply because the party's interests have changed" (Cussick v. R.L. Baxter Bldg., Corp., 228 AD3d 614, 616, 213 N.Y.S.3d 146 [internal quotation marks omitted]; see McGlynn v. Burns & Harris, Esq., 223 AD3d 733, 735, 203 N.Y.S.3d 369). "The twin purposes of the doctrine are to protect the integrity of the judicial process and to protect judicial integrity by avoiding the risk of inconsistent results" (Cussick v. R.L. Baxter Bldg. Corp., 228 AD3d at 616, 213 N.Y.S.3d 146 [internal quotation marks omitted]; see Flanders v. E.W. Howell Co., LLC, 193 AD3d 822, 823, 143 N.Y.S.3d 687; State Farm Fire & Cas. Co. v. Dan Heller Plumbing & Heating, Inc., 243 AD3d 944, 946, 245 N.Y.S.3d 344, 346—47 (2025).
The doctrine of estoppel against inconsistent positions applies to this case. This doctrine precludes a party from framing his pleadings in a manner inconsistent with a position taken in a prior judicial proceeding (see, Neumann v. Metropolitan Med. Group, 153 AD2d 888, 545 N.Y.S.2d 592; Environmental Concern v. Larchwood Constr. Corp., 101 AD2d 591, 476 N.Y.S.2d 175; see also, Kasmarski v. Terranova, 115 AD2d 640, 496 N.Y.S.2d 478)."The doctrine rests upon the principle that a litigant should not be permitted to lead a court to find a fact one way and then contend in another judicial proceeding that the same fact should be found otherwise The policies underlying preclusion of inconsistent positions are general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings" (Environmental Concern v. Larchwood Constr. Corp., 101 AD2d 591, supra, at 593, 476 N.Y.S.2d 175). Furthermore, this court has held that the doctrine: "will be applied where a party to an action has secured a judgment in his or her favor by adopting a certain position and then has sought to assume a contrary position in another action simply because his interests have changed" (Anonymous v. Anonymous, 137 AD2d 739, 741, 524 N.Y.S.2d 823; see also, Davis v. Wakelee, 156 U.S. 680, 689, 15 S.Ct. 555, 558, 39 L.Ed. 578; Neumann v. Metropolitan Med. Group, supra, at 889, 545 N.Y.S.2d 592; Knight v. Knight, 31 AD2d 267, 271, 296 N.Y.S.2d 1007). The doctrine is invoked to estop parties from adopting such contrary positions because the judicial system "cannot tolerate this 'playing fast and loose with the courts' " (Environmental Concern v. Larchwood Constr. Corp., supra, 101 AD2d at 594, 476 N.Y.S.2d 175, quoting from Scarano v. Central R.R. Co. of N.J., 203 F.2d 510, 513).
Here, it appears that the HPD proceeding settled an allegation of non primary residence, an erection of illegal partitions/walls and addressed rental arrears and sur charges owed. See. C.F. Matter of Galasso, 35 NY2d 319, 321, 361 N.Y.S.2d 871, 320 N.E.2d 618 [1974] [refusing to enforce a settlement that, although proposed in open court, did not reflect a complete agreement as to all material terms]. See CPLR 2104 where the plain language of the statute directs that the agreement itself must be in writing, signed by the party (or attorney) to be bound (CPLR 2104). [*4]As "[t]his rule is of somewhat ancient origin. It grew out of the frequent conflict between attorneys as to agreements made with reference to proceedings in actions, and was intended to relieve the courts from the constant determination of controverted questions of fact with reference to such proceedings" (Mutual Life Ins. Co. of NY v. O'Donnell, 146 NY 275, 279, 40 N.E. 787 [1895] ).
Furthermore, our State's strong policy promoting settlement (see Hallock v. State of New York, 64 NY2d 224, 230, 485 N.Y.S.2d 510, 474 N.E.2d 1178 [1984] ) ,settlements once entered, are to be enforced with rigor and without a searching examination into their substance, it then becomes all the more important that they be clear, final and the product of mutual accord. These concerns obviously lie at the heart of CPLR 2104, a neutral statute enacted to promote certainty in settlements, which benefits all litigants (See .Bonnette v. Long Island Coll. Hosp., 3 NY3d 281, 285—86, 819 N.E.2d 206, 208—09 (2004).
For the above reasons, after re argument the court hereby vacates its dismissal dated January 15, 2026 and denies respondent's motion to dismiss, and reinstates the non payment petition and reinstates petitioner's cross motion for sanctions that was denied pursuant to the January 15, 2026 order and decision..
Petitioner seeks sanctions pursuant to 130.1.1 and pursuant to CPLR 2214 and 2215 as to respondent and respondent's counsel for engaging in frivolous motion practice in light of the stipulation of settlement already entered into in June 2025.
Conduct is frivolous and can be sanctioned under this rule is "it is completely without merit...and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law or...it is undertaken to delay or prolong the resolution of the litigation, or to harass or maliciously injure another (22 NYCRR 130-2.2[c][1],[2]...).
In determining if sanctions are appropriate the Court must look at the broad pattern of conduct by the offending attorneys or parties, and upon a finding of such, the Court has discretion to impose costs and sanctions on the errant party." (See Levy v Carol Management Corporation, 260 AD2d 27 [!st Dept 1999]). The Court went on to note that sanctions are retributive, in that they punish past conduct but are also goal oriented in deterring future frivolous conduct not only by the particular parties, but also by the Bar at large (See Levy supra). In Navin v Mosquera, 30 AD3d 883 [3rd Dept 2006] the Court notes it was required to examine as well whether not the conduct was continued when its lack of legal or factual basis was apparent [or] should have been apparent". In Sakow ex rel. Columbia Bagels, Inc., 6 Misc 3d 939 [Supreme Ct NY County 2004]) the Court held in assessing sanctions whether the attorney adhered to the standards of a reasonable attorney and an attorney cannot safely delegate all duties to others as a defense.
The Court notes that the same attorney from Brooklyn Legal Services signed the HPD stipulation settling among other issues the rental amounts owed in June 2025 and then appeared herein and by motion in October 2025 sought to dismiss this case, after taking an in opposite position to one taken and settled by him as counsel, several months ago, lacks candor and validity. The Court is entitled to rely upon the accuracy of any statement of relevant fact un equivocally made by an attorney in the course of a judicial proceedings, accordingly deliberate misrepresentations of material facts by attorney in open court constitutes serious professional misconduct (See Cannons of Professional Ethics, Cannon 22. It is unprofessional for a lawyer as [*5]an officer of the court, to engage in practices having a tendency to mislead the court (Cannon 22 of the Cannons of Professional Ethics). Therefore a deliberate misrepresentation by an attorney in the course of judicial proceedings of material facts in open Court constitute serious professional misconduct (See Matter of Rotwein, 20 Ad2d 428 (AD 1st Dept. 1964]).
Here Brooklyn Legal Services, via the same attorney sought by motion to dismiss after signing an agreement in another matter which acknowledged the rental arrears, far more than noted in the rent demand. After careful consideration, despite Brooklyn Legal Services failure to adhere to their own prior stipulation and the terms herein, the court declines to put the matter down for a hearing on sanctions. Petitioner's cross motion for sanctions is denied. The case is restored to the part F Calendar on March 25, 2026 at 9:30 for trial or settlement.
This constitutes the decision and order of this Court.
Dated: March 12, 2026Brooklyn, New YorkHannah Cohen, J.H.C.