Samuel Rabin, J.
In an action to enforce a trust pursuant to section 70 et seq. of the Lien Law, defendant St. Stanislaus Roman Catholic Church moves to dismiss the complaint against it on the ground of legal insufficiency; defendant Structural *568 Builders, Inc., moves to strike paragraph “ tenth ” of the complaint pursuant to rule 103 of the Rules of Civil Practice and to separately state and number each cause of action of the complaint pursuant to rule 90 of the Rules of Civil Practice.
The complaint sets forth one cause of action in which plaintiff seeks to impress a trust on certain funds in the hands of the defendant owner and general contractor for the benefit of plaintiff subcontractor and all other persons similarly situated. The complaint, however, fails to allege the source of the funds held by defendant owner (St. Stanislaus Roman Catholic Church) and, as such, renders it fatally defective. In this respect, it is to be noted that the provisions of the pre-1959 Lien Law, section 36-a et seq., and present provisions authorizing the imposition of a trust upon an owner of real property, section 70 et seq., relate exclusively to funds coming into the hands of owner from outside sources. Absent allegations showing that the funds upon which the trust is sought to be imposed emanate from the sources prescribed in the above-named sections of the Lien Law, the complaint is insufficient as a matter of law. Accordingly, the motion to dismiss the complaint against St. Stanislaus Roman Catholic Church is granted without prejudice to serve an amended complaint within 20 days after service of a copy of the order to be entered hereon.
With respect to the motion addressed to paragraph “ tenth ” of the complaint, it is to be noted that the allegations contained therein are irrelevant and unnecessary to sustain the cause of action herein (Wade v. Nassau Suffolk Lbr. & Supply Corp., 275 App. Div. 864 ; Lien Law, § 71, subd. 4) and would only tend to confuse the issues. Accordingly, it is stricken.
That branch of the motion that seeks to separately state and number is denied since the basis upon which plaintiff seeks to impress the trust upon the defendant contractor arises from a breach of contract for work, labor and services performed and materials furnished. Under these circumstances, the pleading is proper.