Jacob Markowitz, J.
This is an application by plaintiff for an order compelling the service of a verified statement pursuant to section 76 of the Lien Law. The application is opposed by Beekman Downtown Hospital and Diesel Construction Oorp. who jointly cross-move for a protective order pursuant to CPLR 3103.
Movant here has commenced an action to foreclose a mechanic’s lien filed against Beekman and by a separate action is .suing the parties named herein as defendants for work, labor and services. All .of these proceedings arise by virtue of the work purportedly performed by plaintiff at the hospital owned by Beekman. The first contenion raised by defendants is that they have already .supplied much of the information requested by plaintiff by the service of a bill of particulars, and con *442 sequently the information sought is unnecessary and burdensome. Beekman also contends that it is not a trustee under the statutory provisions and is therefore not required to serve a verified statement.
Apart from the merits of the controversy, comment should be made with regard to the procedure utilized here by the parties.
Plaintiff argues that CPLB 3103 was not intended to be used as a device to prevent a beneficiary from securing a verified statement under section 76 of the Lien Law. In this regard, it should be noted that CPLB 3103 provides: ‘ ‘ The court may at any time * * * make a protective order denying, limiting, conditioning or regulating the use of any disclosure device.” The key word here is disclosure. The right of a beneficiary of a trust claim to examine the books or records, or to receive a verified statement is not a disclosure device.
The purpose of section 76 of the Lien Law is to enable a trust beneficiary whose claims are opposed to examine the books and records or obtain a statement from the contractor and/or owner, so that he may ascertain what has happened to the funds allocated for the improvement. Such provision is in accord with the objective of the Legislature to insure that funds earned in the performance of a contract improvement will be used to pay the costs of that improvement (see Aquilino v. United States of America, 10 N Y 2d 271, 278-279). Where a trustee objects to the examination or the demand for a verified statement, his remedy is to move to vacate same under subdivision 5 of section 76 of the Lien Law.
Consequently, the right of a beneficiary to obtain a verified statement is not dependent or conditioned upon the pretrial proceedings, which may or may not have occurred in an action commenced by the beneficiary to enforce his claim.
It is not disputed that plaintiff is a beneficiary within the meaning of the statute (Lien Law, § 71). However, a verified statement may only be secured from a trustee. Subdivision 5 of section 70 sets forth the definition of a trust. Here, Beekman is utilizing its own funds and is not a statutory trustee (Lien Law, § 70, ¡subds. 1, 2, 5).
Accordingly, plaintiff’s motion is granted only as to defendants Beltor and. Diesel. The cross motion as to defendant Beekman is granted.
Defendants Beltor and Diesel are directed to serve a verified statement in compliance with plaintiff’s demand within 10 days after service of a copy of the order with notice of entry.