■    KINGSTON TRUST COMPANY, Respondent, v. CATSKILL LAND CORPORATION, Appellant.— Appeal from an order of the Supreme Court at Special

Term, entered December 7, 1972 in Ulster County, which denied a motion to dismiss the complaint on the ground that said pleading fails to state a cause of action. Defendant, the owner of two lots in Ulster County on which it desired to construct two residential buildings, executed a construction mortgage and building and loan agreement with the First Federal Savings and Loan Association of Middletown. Defendant also obtained additional financing in the sum of $24,750 from plaintiff, to which it gave two promissory notes each for $12,375. The collateral given for each note was an assignment of the mortgage proceeds from First Federal. Upon receiving the funds loaned by plaintiff and after paying various recording and other fees, defendant paid over to the Catskill Construction Corporation, the general contractor for the residential projects, the balance of such money. Both defendant and the Catskill Construction Corporation, which were controlled by Harry Siegel who was president and sole stockholder of each, subsequently filed petitions in bankruptcy. The proposed residences were never constructed, First Federal never advanced any money to defendant under the construction mortgage or building and loan agreement, and plaintiff alleges that no portion of the funds which it furnished were used for improvement of the designated parcels. In this action, instituted pursuant to article 3-A of the Lien Law, plaintiff seeks judgment that defendant be compelled to disclose all transactions regarding the funds loaned by plaintiff, that the court take proceedings to bring under its control all trust funds which have been diverted, and that defendant be adjudged liable in the sum of $24,750 with interest. The answer alleges that in the bankruptcy proceedings a temporary restraining order was modified so as to allow this action to continue to determination, with respect to the imposition of a trust. Plaintiff's contention that the funds which it advanced to defendant were to be used for the construction of residences on designated properties and therefore constituted trust funds under article 3-A of the Lien Law is without merit. First, the funds loaned by plaintiff to defendant do not establish a trust under said article, since they were not received by the owner under one of the categories of subdivision 5 of section 70. The moneys loaned to defendant were not received under a "building loan contract" or a "building loan mortgage" because they were not "to be secured by a mortgage" on the real property (Lien Law, § 2, subds. 13, 14). Secondly, plaintiff is not one entitled to enforce an article 3-A trust (Lien Law, § 77, subd. 1; § 71, subd. 3, par. [a]; § 71, subd. 4), the funds advanced by plaintiff to defendant not measuring up to a "cost of improvement" within the purview of the statute (Lien Law, § 2, subd. 5). *Matter of Allerton Constr. Corp.* v. *Fairway Apts. Corp.* (26 A D 2d 636, mot. for lv. to app. den. 18 N Y 2d 581) is not apposite since the funds there were obtained pursuant to a building loan agreement. Order reversed, on the law, and complaint dismissed, with costs. Staley, Jr., J. P., Greenblott, Cooke, Sweeney and Kane, JJ., concur.