■ Pellic Development Corp., Appellant, v Whitestone Equities Farmingdale Corp. et al., Respondents. [606 NYS2d 32]

—In an action, *inter alia,* for a verified statement of the accounts of a Lien Law trust pursuant to Lien Law article 3-A, the plaintiff appeals from an order of the Supreme Court, Nassau County (Segal, J.), entered May 16, 1991, which, *inter alia,* determined that the Lien Law trust encompassed the sum of $545,000 from two building loans made by Whitestone Federal Savings and Loan to the defendant Farmingdale Partners, but not the sum of $1,100,000 paid by the defendant Whitestone Equities Farmingdale Corp. to the defendant Farmingdale Partners to purchase and develop the subject realty.

Ordered that the order is affirmed, with costs.

Pursuant to Lien Law § 70 (5), an owner of real property becomes a trustee of funds for the benefit, *inter alia,* of laborers and material suppliers, only as to funds specifically designated *(see, Kingston Trust Co. v Catskill Land Corp.,* 43 AD2d 995). In the instant case, the $1,100,000 that the appellant contends was a trust asset was actually a capital contribution of the owner. Therefore, these funds were not trust assets *(see, Bristol, Litynski, Wojcik v Elliott,* 107 Misc 2d 1005; *G & B Lab. Installation v Beekman Downtown Hosp.,* 66 Misc 2d 441; *237 Constr. Corp. v St. Stanislaus R. C. Church,* 30 Misc 2d 567).

The appellant's contentions that Tesi Associates, Inc., as contractor, is obligated to provide a verified statement of accounts pursuant to Lien Law § 70 (6) was not raised before the Supreme Court and thus is not properly before this Court for appellate review *(see, Kohilakis v Town of Smithtown,* 167 AD2d 513). In any event, we note that no demand for a verified statement of accounts was ever served upon Tesi Associates, Inc., and that that entity is not even a party to the instant action. Bracken, J. P., Sullivan, Rosenblatt and Miller, JJ., concur.