■ FAUSTINO CORNIELLE et al., Respondents, v AETNA CASUALTY AND SURETY COMPANY, Defendant, and MID-ISLAND EQUITIES CORP., Appellant. [617 NYS2d 363] —In an action, *inter alia,* for a judgment declaring that the defendant Mid-Island Equities Corp. is required to defend and indemnify the plaintiffs for any liability arising from a personal injury action pending in the Supreme Court, Queens County, entitled *Fernandez v Cornielle,* the defendant Mid-Island Equities Corp. appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated May 27, 1993, as, after a nonjury trial, declared, *inter alia,* that it is obligated to defend and indemnify the plaintiffs.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, and it is declared that the defendant Mid-Island Equities Corp. is not obligated to defend and indemnify the plaintiffs for any liability arising from the personal injury action pending in the Supreme Court, Queens County, entitled *Fernandez v Cornielle.*

In 1983, the plaintiffs purchased a two-family residence, which they financed in part by obtaining a mortgage from the defendant Mid-Island Equities Corp. (hereinafter the defendant). Approximately two years later, a tenant in the building fell, injured herself, and commenced an action against the plaintiffs. Although a one-year comprehensive liability policy had been issued by the defendant Aetna Casualty and Surety Company immediately after the plaintiffs purchased the property, the policy had been canceled by the time the tenant's accident occurred. A notice advising that the policy was subject to cancellation for nonpayment of premiums had been

mailed directly to the plaintiffs over a year before the accident.

The plaintiffs later commenced the instant action for a declaratory judgment, alleging, *inter alia,* that the appellant had obligated itself to ensure that the premises were covered by a comprehensive liability policy and had negligently permitted coverage to lapse. The plaintiffs argued at trial that they had been orally assured by the defendant at the closing that it would, "[t]ake care of everything in the house", including insurance coverage.

After a nonjury trial, the Judicial Hearing Officer held for the plaintiffs, finding that the appellant breached its alleged obligation to obtain liability coverage. We reverse.

We conclude that the evidence adduced at trial failed to establish that the defendant agreed to obtain liability coverage for the plaintiffs *(see, Beckford v Empire Mut. Ins. Group,* 135 AD2d 228, 232-233). Although a policy was issued after the plaintiffs closed on the property, there was no documentary evidence presented at trial establishing that the appellant obtained this policy or that any of the amounts it collected as part of the monthly mortgage payment were attributable to liability insurance. Moreover, a review of the mortgage closing statement reveals that no escrow provision was made for the purchase of comprehensive liability insurance. Lastly, we note that the plaintiffs were on notice approximately one year prior to the tenant's accident that the liability policy had lapsed, thereby undermining the claim that they justifiably relied on any oral representation that the appellant would obtain liability insurance. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.