■ Hassan Nemazee, Appellant, v Premier Purchasing Partners, L.P., et al., Respondents. [806 NYS2d 22]—

Judgment, Supreme Court, New York County (Helen E. Freedman, J.), entered September 29, 2004, which, upon the prior grant of defendants' motions pursuant to CPLR 3211, dismissed the complaint, unanimously affirmed, with costs.

In this action, governed by Delaware law, plaintiff alleges that defendants breached their fiduciary duties as controlling shareholders to effect a wrongful merger between Medibuy, Inc., a Delaware corporation, and Global Health Exchange, Inc., which merger resulted in the cancellation of plaintiff's shares of Medibuy common stock for no consideration. The IAS court properly dismissed plaintiff's first four causes of action, alleging derivative claims, because plaintiff, whose shares were cancelled following the merger, lacked standing to bring such claims (Lew-

*is v Anderson,* 477 A2d 1040, 1049 [Del 1984]). Although plaintiff contends that these claims are not derivative, they allege wrongs affecting both him and the corporation rather than "direct injury . . . independent of any alleged injury to the corporation" (*Tooley v Donaldson, Lufkin & Jenrette, Inc.,* 845 A2d 1031, 1039 [Del 2004]) and, as such, are properly viewed as derivative. Even if plaintiff's causes of action were direct claims that survived the merger, they would not state a cognizable cause of action because defendants did not hold a majority of the preferred shares and, accordingly, were powerless to compel the merger (*see Weinberger v UOP, Inc.,* 409 A2d 1262, 1266 [Del 1979]). Further, the record shows that the merger was approved by Medibuy's board of directors, and plaintiff failed to allege sufficient facts to overcome the business judgment rule (*see Aronson v Lewis,* 473 A2d 805 [Del 1984], *overruled in part on other grounds by Brehm v Eisner,* 746 A2d 244 [Del 2000]).

Plaintiff's fifth cause of action, alleging breach of the duty of full disclosure with respect to the proxy statement provided to the shareholders in anticipation of the merger (*see Loudon v Archer-Daniels-Midland Co.,* 700 A2d 135 [Del 1997]), was properly dismissed since plaintiff failed sufficiently to allege injury attributable to the purported breach (*see id.*). Plaintiff knew of the alleged material omissions prior to the merger vote and any claim that the proxy statement misled other shareholders is speculative.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.