■  JAMES NEGVESKY et al., Respondents, v UNITED INTERIOR RESOURCES, INC., et al., Defendants, and PLANNED SYSTEM INTEGRATION, LTD., Appellant. [821 NYS2d 107]—

In an action, inter alia, to recover damages for unjust enrichment and for the imposition of a constructive trust, the defendant Planned System Integration, Ltd., appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Queens County (Schulman, J.), dated April 19, 2005, as granted that branch of the plaintiffs' motion which was to vacate a demand for a verified statement pursuant to Lien Law § 76 (5) relating to the installation of certain modular workstations, and (2) so much of an order of the same court dated August 22, 2005, as denied that branch of its motion which was for leave to amend its answer to assert a fifth counterclaim to impose a trust pursuant to Lien Law article 3-A.

Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.

Lien Law article 3-A creates a statutory trust for funds received by owners, contractors, or subcontractors "in connection with an improvement of real property in this state" (Lien Law § 70 [1]). The trust's aim is to ensure that "certain parties involved in [such] improvement . . . will be properly compensated for their services" (*Sabol & Rice v Poughkeepsie Galleria Co.*, 175 AD2d 555, 556 [1991]). The installation of modular workstations provided by the appellant does not qualify as an "improvement" within the meaning of Lien Law § 2 (4) and § 70 (1). The appellant did not demolish, erect, or alter any structure, nor did it perform work or furnish materials for its permanent improvement (*see* Lien Law § 2 [4]). Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was to vacate the appellant's demand for a verified statement pursuant to Lien Law § 76 (5) relating to the installation of certain modular workstations.

The Supreme Court correctly denied that branch of the appellant's motion which was for leave to amend its answer to assert a fifth counterclaim to impose a trust pursuant to Lien Law article 3-A. Leave to amend a pleading should be freely granted where the proposed amendment is not palpably insufficient or patently devoid of merit and will not prejudice or surprise the opposing party (*see* CPLR 3025 [b]; *Bolanowski v Trustees of Columbia Univ. in City of N.Y.*, 21 AD3d 340, 341 [2005]; *Crespo v Pucciarelli*, 21 AD3d 1048, 1049 [2005]). As the Supreme Court properly determined that the Lien Law was not applicable, the proposed amendment was patently devoid of merit.

The appellant's remaining contention is without merit. Prudenti, P.J., Mastro, Spolzino and Dillon, JJ., concur.