■ DONALD J. TRUMP, Appellant, v HENRY CHENG et al., Respondents, et al., Defendants. [882 NYS2d 87]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered September 19, 2006, in an action arising out of the sale of certain real estate for an allegedly inadequate price brought by a minority limited partner against the majority limited partners and general partners of limited partnerships organized by the parties to develop the real estate, dismissing all but the 18th cause of action, and bringing up for review orders, same court and Justice, entered July 27, 2006, which, inter alia, granted defendants' motion to dismiss the amended complaint with the exception of that part of the 18th cause of action seeking access to certain books and records; order, same court and Justice, entered October 3, 2007, which denied plaintiff's motion for access to certain additional books and records; and order, same court and Justice, entered January 7, 2009, which denied plaintiff's motion to vacate the above judgment on the ground of newly discovered evidence, and, sub silentio, denied plaintiff's motion that the court recuse itself, unanimously affirmed, with costs. Appeals from the orders entered July 27, 2006 unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The court did not abuse its discretion in refusing to recuse itself (*see People v Moreno*, 70 NY2d 403, 406 [1987]; *Robert Marini Bldr. v Rao*, 263 AD2d 846, 847-848 [1999]). With respect to the books-and-records claim, the court correctly construed section 12.2 of the partnership agreements as conferring a right of inspection no broader than that under Delaware's Revised Uniform Limited Partnership Act (Del Code Ann, tit 6) § 17-305, such that plaintiff had a right to inspect records of "transactions" consummated by the partnerships but no right to a full discovery of matters that did not involve partnership "transactions" (*see Security First Corp. v United States Die Casting & Dev. Co.*, 687 A2d 563, 570 [Del Sup Ct 1997]). Plaintiff's remaining claims were properly dismissed. His direct claims, in fact, are derivative claims (*see Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031 [Del Sup Ct 2004]), and his derivative claims do not allege "with particularity" the

624

reasons why a presuit demand on the general partners was not "likely to succeed" (Del Code Ann, tit 6, §§ 17-1003, 17-1001). In the latter regard, plaintiff's allegations are insufficient "to create a reasonable doubt either as to whether the directors are disinterested and independent or whether the transaction at issue resulted from a valid exercise of business judgment" (*Simon v Becherer*, 7 AD3d 66, 71-72 [2004]). The court also properly denied vacatur of the judgment based on newly discovered evidence as plaintiff failed to demonstrate that the purported new evidence was recently discovered or could not have been earlier discovered by the exercise of due diligence (*Nutmeg Fin. Servs. v Richstone*, 186 AD2d 58, 59 [1992]). We have considered plaintiff's other arguments, including that the court has personal jurisdiction over defendant Lo, and find them without merit. Concur—Gonzalez, P.J., Friedman, Moskowitz, Renwick and Freedman, JJ.