■ GEORGE M. HRIBAR, as Personal Representative of the Estate of FRANK A. LEE, JR., Deceased, et al., Appellants, v MARSH & MCLENNAN COMPANIES, INC., et al., Respondents. [900 NYS2d 449]—

In an action to recover damages for fraud, negligent misrepresentation, and breach of fiduciary duty, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Warshawsky, J.), entered December 12, 2007, which granted the motion of the defendants Marsh & McLennan Companies, Inc., and Marsh, Inc., and the separate motion of the defendant Jeffrey Greenberg, pursuant to CPLR 3211, to dismiss the amended complaint insofar as asserted against them, and denied, as academic, the plaintiffs' cross motion for consolidation of the action with an action entitled *Lee v Marsh & McLennan Companies, Inc.*, pending in the same court under index No. 016866/06.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the defendants' respective motions pursuant to CPLR 3211 to dismiss the amended complaint. In this action governed by Delaware law, a court, in distinguishing between a derivative and direct action, is required to "look to the nature of the wrong and to whom the relief should go. The stockholder's claimed direct injury must be independent of any alleged injury to the corporation. The stockholder must demonstrate that the duty breached was owed to the stockholder and that he or she can prevail without showing an injury to the corporation" (*Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d 1031, 1039 [Del 2004]; *see Agostino v Hicks*, 845 A2d 1110, 1118 [Del 2004]; *see also Brinckerhoff v JAC Holding Corp.*, 10 AD3d 520, 521 [2004]). This inquiry should be conducted by "looking to the body of the complaint," rather than at the plaintiffs' "designation or stated intention" (*Agostino v Hicks*, 845 A2d at 1121 [internal quotation marks omitted]). Here, the claimed injury—the decline in the value of the plaintiffs' shares that occurred after the Attorney General filed a complaint against the corporation for its alleged illegal business practices—alleged an injury to the plaintiffs and to the corporation. Thus, the amended complaint is derivative in nature, as it is "dependent on a prior injury to the corporation" (*Agostino v Hicks*, 845 A2d at 1122), and the plaintiffs failed to allege that they were injured without a parallel harm to the corporation (*see Nemazee v Premier Purch. Partners, L.P.*, 24 AD3d 196, 196-197 [2005]). As the action is derivative, the plaintiffs were required to plead, inter alia, that they retained ownership of their shares and that they made a presuit demand on the corporation's board (*see Tooley v Donaldson, Lufkin & Jenrette, Inc.*, 845 A2d at 1036; *see also Brehm v Eisner*, 746 A2d 244, 254-255 [Del 2000]). However, the

plaintiffs alleged that they sold all of their shares. In any event, the plaintiffs did not allege that they made a presuit demand. Therefore, the Supreme Court properly granted the motions to dismiss the amended complaint (*see Trump v Cheng*, 63 AD3d 623, 623-624 [2009]).

The plaintiffs' remaining contentions either are academic or need not be addressed in light of our determination. Miller, J.P., Leventhal, Chambers and Lott, JJ., concur. **[Prior Case History: 17 Misc 3d 1138(A), 2007 NY Slip Op 52325(U).]**