■ ELOY MARTIN et al, Respondents, v LIBERTY MUTUAL INSURANCE COMPANY, Defendant, and MERIDIAN RESIDENTIAL CAPI-

TAL, LLC, Doing Business as FIRST MERIDIAN MORTGAGE, Appellant. [939 NYS2d 75]—

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Morales v AMS Mtge. Servs., Inc.*, 69 AD3d 691, 692 [2010]). In determining such a motion, "the sole criterion is whether the subject pleading states a cause of action, and if, from the four corners of the complaint, factual allegations are discerned which, taken together, manifest any cause of action cognizable at law, then the motion will fail" (*RBE N. Funding, Inc. v Stone Mtn. Holdings, LLC*, 78 AD3d 807, 808 [2010] [internal quotation marks omitted]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). "On a motion to dismiss based upon documentary evidence [under CPLR 3211 (a) (1)], dismissal is only warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (*Morales v AMS Mtge. Servs., Inc.*, 69 AD3d at 692 [internal quotation marks omitted]; *see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]).

The plaintiff Eloy Martin owned certain premises which, in 2008, he conveyed to himself and his brother, the plaintiff Lorenzo Martin, as joint owners. In this transaction, the defendant Meridian Residential Capital, LLC, doing business as First Meridian Mortgage (hereinafter Meridian), was the lender on the refinanced mortgage loan. In the amended complaint,

the plaintiffs allege that, at the time of the refinancing, Meridian promised to notify the defendant Liberty Mutual Insurance Company (hereinafter Liberty) of the change of ownership and to ensure that the plaintiff Lorenzo Martin was added as a named insured on Eloy Martin's homeowner's policy. Meridian allegedly contacted Liberty to add itself as the mortgagee on the insurance policy, but failed to add Lorenzo Martin as a named insured. On July 31, 2009, the premises were damaged by fire, and Liberty denied coverage. The plaintiffs commenced this action alleging five causes of action against Liberty and three causes of action against Meridian, which filed a pre-answer motion to dismiss pursuant to CPLR 3211 (a) (1) and (7). The Supreme Court denied Meridian's motion.

Under the seventh cause of action, the plaintiffs seek damages for breach of contract, alleging that Meridian agreed to procure the applicable amendment in the policy to reflect Lorenzo Martin as a named insured. Meridian submitted the mortgage contract in support of the branch of its motion which was pursuant to CPLR 3211 (a) (1). The mortgage contract unequivocally provides that the plaintiffs, as borrowers, have the obligation to maintain fire and hazard insurance, and the contract is fully integrated, prohibiting amendment other than in a signed writing. The alleged oral modification of the written contract was ineffective (cf. *Martini v Rogers*, 6 AD3d 404 [2004]), and Meridian's alleged oral assurance was not binding (*see Cornielle v Aetna Cas. & Sur. Co.*, 208 AD2d 586, 587 [1994]). Thus, the documentary evidence conclusively establishes a defense to this cause of action as a matter of law, and it must be dismissed pursuant to CPLR 3211 (a) (1).

Under the sixth cause of action, the plaintiffs allege that Meridian was negligent and breached a duty of care in failing to update the policy with Liberty to include Lorenzo Martin as a named insured. Affording the pleading a liberal construction, accepting all facts as alleged to be true, and according the plaintiffs the benefit of every possible favorable inference, the sixth cause of action does not state a cognizable cause of action to recover damages for negligence. "In the absence of an agreement to the contrary, the mortgagee is under no obligation to insure the mortgaged premises" (*Beckford v Empire Mut. Ins. Group*, 135 AD2d 228, 232 [1988]; *see Gurreri v Associates Ins. Co.*, 248 AD2d 356 [1998]; *Cornielle v Aetna Cas. & Sur. Co.*, 208 AD2d 586 [1994]; *Fairfax v Dime Sav. Bank of Williamsburg*, 152 AD2d 503 [1989]). As shown, the documentary evidence conclusively establishes that Meridian had no duty to insure the premises. Contrary to the Supreme Court's determi-

nation, the allegations do not support the theory that Meridian was acting in the role of an insurance agent or broker, and thus, the duties imposed upon insurance agents or brokers do not apply here (cf. *Bedessee Imports, Inc. v Cook, Hall & Hyde, Inc.*, 45 AD3d 792, 793 [2007]; *MacDonald v Carpenter & Pelton*, 31 AD2d 952, 953 [1969]). Thus, the sixth cause of action should have been dismissed pursuant to CPLR 3211 (a) (1) and (7).

Under the eighth cause of action, the plaintiffs also allege that Meridian was negligent and breached a duty of care by reason of a "special relationship." Affording the pleading a liberal construction, accepting all facts as alleged to be true, and according the plaintiffs the benefit of every possible favorable inference, the eighth cause of action does not state a cognizable cause of action to recover damages for negligence premised upon a "special relationship" (cf. *Rosicki, Rosicki & Assoc., P.C. v Cochems*, 59 AD3d 512 [2009]; *Fresh Direct v Blue Martini Software*, 7 AD3d 487 [2004]). Moreover, the parties' mortgage contract conclusively establishes that Meridian had no duty to obtain the insurance. Accordingly, the eighth cause of action should have been dismissed pursuant to CPLR 3211 (a) (1) and (7).

The plaintiffs' remaining contention is without merit. Angiolillo, J.P., Lott, Austin and Cohen, JJ., concur.