■ TRYSTATE MECHANICAL, INC., Appellant, v MACY'S RETAIL HOLDINGS, INC., Respondent. [943 NYS2d 158]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Demarest, J.), dated September 29, 2010, as, upon converting the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint into a motion for summary judgment, granted that motion, and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover damages for fraud.

Ordered that the order is affirmed insofar as appealed from, with costs.

Nonparty Chapeau, Inc., which is a Utah corporation doing business as BluePoint Energy, Inc. (hereinafter Chapeau), was in the business of providing electrical power and thermal energy through cogeneration systems that it constructed, owned, and operated at the customer's site (hereinafter the Cogen System). In July 2006 Chapeau entered into a "Discount Energy Purchase Agreement" (hereinafter DEPA) with a predecessor-in-interest to the defendant, Macy's Retail Holdings, Inc. (hereinafter Macy's), which owns a department store in Brooklyn (hereinafter the Brooklyn Store).

Throughout the DEPA, Chapeau is listed as the "Owner" of the Cogen System and Macy's is listed as the "Customer." In

addition, the DEPA states that "[t]his Agreement is a contract for the provision of services and not for the sale of goods." Macy's did not contribute any capital for the construction or installation of the Cogen System, and its only financial obligation was to pay for the energy it received.

Chapeau hired the plaintiff, Trystate Mechanical, Inc. (hereinafter Trystate), which operates a heating, ventilation, and air conditioning business, as a subcontractor for installation of the Cogen Systems at the Brooklyn Store. Trystate claimed that it furnished labor and materials for work performed at the Brooklyn Store in the aggregate sum of $394,568.92, but that there was an unpaid balance in the sum of $167,260.02. On October 7, 2008, Trystate filed a mechanic's lien in the sum of $167,260.02 (hereinafter the Brooklyn Lien).

In March 2009 Trystate commenced this action in the Supreme Court, Kings County, seeking, inter alia, to foreclose the Brooklyn Lien. Macy's moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. Trystate cross-moved, inter alia, for summary judgment on its cause of action to foreclose the Brooklyn Lien and pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover damages for fraud. The Supreme Court, among other things, converted Macy's motion into a motion for summary judgment, since issue had been joined and Trystate had cross-moved for summary judgment, and thereupon granted that motion. The Supreme Court also denied that branch of Trystate's cross motion which was for leave to amend the complaint to add a cause of action to recover damages for fraud.

Macy's established that it was entitled to judgment as a matter of law dismissing the cause of action to foreclose the Brooklyn Lien by tendering sufficient evidence to eliminate any material issues of fact, and, in opposition, Trystate failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324-326 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Despite the size, expense, and complexity of hoisting the Cogen System to the top of the roof of the Brooklyn Store, the DEPA established that the parties did not intend to make the Cogen System a "permanent improvement" within the meaning of Lien Law § 2 (4) (*see Matter of City of New York [Kaiser Woodcraft Corp.]*, 11 NY3d 353, 360 [2008]; *Negvesky v United Interior Resources, Inc.*, 32 AD3d 530, 531 [2006]). Accordingly, the Supreme Court properly granted that branch of Macy's motion which was for summary judgment dismissing the cause of action to foreclose the Brooklyn Lien.

The Supreme Court also properly denied that branch of Trystate's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover damages for fraud. A motion for leave to amend a pleading should be denied where, as here, the proposed amendment is patently devoid of merit and legally insufficient (*see Negvesky v United Interior Resources, Inc.*, 32 AD3d at 531; *Matter of Consolidated Edison Co. of N.Y. [Neptune Assoc.]*, 143 AD2d 1012, 1014 [1988]).

Trystate's remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Roman, JJ., concur.