■ TRYSTATE MECHANICAL, INC., Appellant, v MACY's RETAIL HOLDINGS, INC., Respondent. [943 NYS2d 162]—

In an action, inter alia, to foreclose a mechanic's lien, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), entered October 22, 2010, as granted the defendant's motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, and denied that branch of the plaintiff's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover damages for fraud.

Ordered that the order is affirmed insofar as appealed from, with costs.

In December 2006 nonparty Chapeau, Inc. (hereinafter Chapeau), entered into a "Discount Energy Purchase Agreement" (hereinafter the DEPA) with a predecessor-in-interest to the defendant, Macy's Retail Holdings, Inc. (hereinafter Macy's), to provide electrical power and thermal energy through a cogeneration system that Chapeau would construct, own, and operate (hereinafter the Cogen System) at a Macy's department store located in the Galleria Mall in White Plains (hereinafter the White Plains Store).

Chapeau hired the plaintiff, Trystate Mechanical, Inc. (hereinafter Trystate), as a subcontractor for the project. Trystate claimed that it furnished labor and materials for the work performed at the White Plains Store in the aggregate sum of $393,300.86; however, there was an unpaid balance in the sum of $88,300.86. On October 9, 2008, Trystate filed a mechanic's lien in the sum of $88,300.86 (hereinafter the White Plains Lien).

In March 2009 Trystate commenced this action in the Supreme Court, Westchester County, seeking, inter alia, to fore-

close the White Plains Lien. Macy's moved, among other things, pursuant to CPLR 3211 (a) (1) to dismiss the complaint. Trystate cross-moved, inter alia, pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover damages for fraud.

On a motion to dismiss pursuant to CPLR 3211 (a) (1) based upon documentary evidence, dismissal is warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*see Martin v Liberty Mut. Ins. Co.*, 92 AD3d 729 [2012]).

Despite the size, expense, and complexity of hoisting the Cogen System to the top of the roof of the White Plains Store, the DEPA clearly established that the parties did not intend to make the Cogen System a "permanent improvement" within the meaning of Lien Law § 2 (4). Accordingly, the Supreme Court properly granted that branch of Macy's motion which was to dismiss the cause of action to foreclose the White Plains Lien (*see Matter of City of New York [Kaiser Woodcraft Corp.]*, 11 NY3d 353, 360 [2008]; *Negvesky v United Interior Resources, Inc.*, 32 AD3d 530 [2006]).

In addition, the Supreme Court properly denied that branch of Trystate's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint to add a cause of action to recover damages for fraud. Leave to amend a pleading should be denied where, as here, the proposed amendment is patently devoid of merit and legally insufficient (*see Negvesky v United Interior Resources, Inc.*, 32 AD3d at 531; *Matter of Consolidated Edison Co. of N.Y. [Neptune Assoc.]*, 143 AD2d 1012, 1014 [1988]).

Trystate's remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Roman, JJ., concur.