■ TRYSTATE MECHANICAL, INC., Appellant, v TEFCO, LLC, et al., Respondents, et al., Defendants. [943 NYS2d 160]—

In an action pursuant to Lien Law § 77 to enforce a trust, the plaintiff appeals from an order of the Supreme Court, Kings County (Demarest, J.), dated October 5, 2010, which granted the motion of the defendants TEFCO, LLC, Ron Panich, and Steve Brandon pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

In July 2006 nonparty Chapeau, Inc. (hereinafter Chapeau)

entered into a "Discount Energy Purchase Agreement" (hereinafter DEPA) with a predecessor-in-interest to nonparty Macy's Retail Holdings, Inc. (hereinafter Macy's), which owns a department store located in Brooklyn (hereinafter the Brooklyn Store) to provide discounted electrical power and thermal energy through a cogeneration system that Chapeau constructed, owned, and operated (hereinafter the Cogen System). In December 2006 Chapeau entered into a similar DEPA for a Macy's department store located in the Galleria Mall in White Plains (hereinafter the White Plains Store).

Chapeau hired the plaintiff, Trystate Mechanical, Inc. (hereinafter Trystate), as a subcontractor for both projects. Trystate claimed that it furnished labor and materials for the Brooklyn Store in the aggregate sum of $394,568.92; however, there was an unpaid balance in the sum of $167,260.02. Similarly, Trystate claimed that it furnished labor and materials for the White Plains Store in the aggregate sum of $393,300.86; however, there was an unpaid balance in the sum of $88,300.86. Trystate filed a mechanic's lien for the unpaid balance for each store.

After Chapeau filed a bankruptcy petition in October 2008, the defendant TEFCO, LLC (hereinafter TEFCO), purchased Chapeau's assets at a foreclosure sale in February 2009, other than, inter alia, the Cogen System at the Brooklyn Store, which Chapeau had previously transferred to TEFCO. The Cogen System at the White Plains Store was never completed.

In February 2009 Trystate commenced this action in the Supreme Court, Kings County, against TEFCO and several individual defendants to recover the funds they allegedly diverted from a Lien Law trust that was purportedly created to assure payments to the subcontractors and others for labor and materials they provided in connection with the subject projects.

In October 2009 TEFCO and two of the individual defendants, Ron Panich and Steve Brandon, moved, inter alia, pursuant to CPLR 3211 (a) (1) to dismiss the complaint insofar as asserted against them.

On a motion to dismiss pursuant to CPLR 3211 (a) (1) based upon documentary evidence, dismissal is warranted if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law (*see Martin v Liberty Mut. Ins. Co.*, 92 AD3d 729 [2012]).

As determined in *Trystate Mech., Inc. v Macy's Retail Holdings, Inc.* (94 AD3d 1095 [2012] [decided herewith]) and *Trystate Mech., Inc. v Macy's Retail Holdings, Inc.* (94 AD3d 1097 [2012] [decided herewith]), the DEPA for each store established that the parties did not intend to make the Cogen Systems a "per-

manent improvement" within the meaning of Lien Law § 2 (4). Since Macy's only obligation was to pay for energy services and it did not contribute any funds "under or in connection with a contract for an improvement of real property," there was no trust within the meaning of Lien Law § 70 (1).

Where no trust assets exist, a claim for the diversion of trust assets must fail (see *Pellic Dev. Corp. v Whitestone Equities Farmingdale Corp.*, 199 AD2d 483, 484 [1993]; *Kingston Trust Co. v Catskill Land Corp.*, 43 AD2d 995 [1974]). Here, the Supreme Court properly determined that dismissal of the complaint was warranted because the documentary evidence (i.e., the DEPAs) demonstrated that there was no trust fund that the moving defendants could have diverted.

Trystate's remaining contentions are without merit. Rivera, J.P., Chambers, Austin and Roman, JJ., concur. **[Prior Case History: 29 Misc 3d 1208(A), 2010 NY Slip Op 51751(U).]**