OPINION OF THE COURT
Vito M. DeStefano, J.
Introduction
Motion by the plaintiffs, William Morrison and Charles Kist, for: (1) leave to amend their verified class action complaint, and (2) further relief amending the caption so as to remove therefrom co-plaintiff William Morrison, inasmuch as he is no longer a shareholder of the defendant corporation, The Main Celestial Group, Inc., is granted in part and denied in part.
Cross motion by the defendants for an order pursuant to, inter alia, CPLR 3211 (a) (7) dismissing the verified complaint is granted.
Factual and Procedural Background
In November 2012, the plaintiff shareholders, William Morrison and Charles Kist, commenced the putative class action *814 against The Hain Celestial Group, Inc (Hain), a Delaware corporation, and Hain’s board of directors, codefendants Barry J. Alperin, Lewis D. Schiliro, Irwin D. Simon, Richard C. Berke, Jack Futterman, Marina Hahn, Brett Icahn, Roger Meltzer, David Schechter and Lawrence S. Zilavy (collectively the Board) (complaint lili 9-21, 30).
In the complaint, the plaintiffs allege that in early October 2012, Hain, which specializes in the manufacturing of natural/ organic food and personal care products, filed a “Definitive Proxy Statement on Schedule 14A” (the Proxy) with the Securities and Exchange Commission. Among other things, the Proxy contained proposal 2, proposing a new executive compensation package. Significantly, the compensation package was submitted to the shareholders for an advisory vote pursuant to a provision of the Dodd-Frank Wall Street Reform and Consumer Protection Act, more colloquially known as the “Say on Pay” provision (exhibit 1 to defendant’s cross motion [Proxy] at 16, 29-52) (15 USC § 78n-l [c] [2], [3]). In substance, the Dodd-Frank Act, which recites that it does not create new fiduciary obligations, mandates that publicly-traded companies permit shareholders to vote, in advisory fashion, on executive compensation at least once every three years (see 15 USC § 78n-l [c] [2], [3]; Noble v AAR Corp., — F Supp 2d —, —, 2013 WL 1324915, *3-4, 2013 US Dist LEXIS 48075, *9-14 [ND Ill 2013]; Raul v Rynd, 929 F Supp 2d 333, 339 [D Del 2013]; Assad v Hart, 2012 WL 33220, *3-4, 2012 US Dist LEXIS 2366, *8-9 [SD Cal, Jan. 6, 2012, No. Ilcv2269 WQH (BGS)]).
The Proxy also contained a proposal 3, which would amend Hain’s “Amended and Restated 2002 Long Term Incentive and Stock Award Plan,” by making an additional 1,250,000 shares of common stock available to 4,000 eligible employees, with the new shares to be issued upon, inter alia, certain performance and/or merit-based criteria (complaint 1Í1Í 4-5, 32-33; Covello affirmation in support of defendant’s cross motion; exhibit 1 to defendant’s cross motion [Proxy] at 17-24). The Proxy advises that increasing the number of issuable shares under the 2002 plan would allow Hain to “utilize equity-based compensation awards to [motivate,] retain and attract the services of key individuals essential to [Hain’s] growth and success” and permit employees to share in Hain’s “future success” (exhibit 1 to defendant’s cross motion [Proxy] at 18).
The class action complaint avers, however, that the materials filed by the defendants were misleading and failed to provide a *815 “fair summary” of the “key metrics and data” relied upon by the Board with respect to both proposals (complaint UU 33, 36-37). For example, the complaint alleges in substance that the Board failed to produce and disseminate a proper and complete summary of the advice and analysis provided to the Board by its compensation consultant, Aon Hewitt, including certain peer group data relied on by the Board in arriving at the various compensation proposals (complaint U 33). The complaint further asserts that the Board failed to disclose how the Board “selected Aon as its independent compensation consultant” and that the Proxy does not disclose what fees were paid to Aon for its services (complaint U 33).
With respect to the stock issuance proposal, the plaintiffs similarly assert that: the Proxy does not provide adequate information relating to the issuance of the new stock; the Proxy does not disclose the criteria utilized by the Board in deciding to issue the stock at this particular juncture; the analyses developed by Aon Hewitt, on which the Board relied, were not fully revealed; and the Proxy also fails to assess the “dilutive” impact of the new stock to be issued — which issuance, according to the plaintiffs, might not be exhausted until the year 2025 (complaint 1Í 40). With respect to the latter claim, the Proxy also advises that the precise amount of benefits payable pursuant to the proposed amendment is “not currently determinable”— although it provides certain illustrative examples and tables relating to categories of stock issued prior to the fiscal year ending in June of 2012 (exhibit 1 to defendant’s cross motion [Proxy] at 24). According to the plaintiffs, Hain has issued approximately 44 million shares of outstanding common stock to date (complaint UU10, 23 [a]).
Based upon these claims and others, the complaint sets forth two causes of action. The first cause of action sounds in breach of fiduciary duty (against the individually named Board members), while the second alleges that Hain “aided and abetted” the Board members’ alleged breach of fiduciary duties (complaint UU 42-52). With respect to the specific duties violated, the complaint avers that the Board members breached fiduciary duties of “care, loyalty, candor and good faith” by putting their interests above the shareholders and that they acted “as a part of a common plan ... to dilute the holdings” of the plaintiffs and other shareholders (complaint at UU 38-39).
Shortly after they commenced the within action, the plaintiffs moved by order to show cause for a temporary restraining order *816 (TRO) and preliminary injunction staying the shareholder vote on the two disputed proposals, which application was denied by the undersigned in an order dated November 14, 2012.
In denying the TRO, this court noted with respect to proposal 2 (executive compensation) that “omitted facts are not material simply because they might be helpful (Skeen v. Jo-Ann Stores, Inc., 750 A2d 1170, 1174 [Del 2000]).” The court then held that “the [plaintiffs’] failure ... to demonstrate the materiality of the information sought undercuts the required showing of irreparable injury necessary to obtain interim injunctive relief (cf. In re 3Com Shareholders Litigation, — A2d —, 2009 WL 5173804 [Del Ch 2009]).”
The court also noted that any injury attributable to the compensation proposal (proposal 2) was speculative, “given the advisory nature of the vote” (Nov. 14, 2012 order at 2). As to the stock issuance proposal (proposal 3), the court held that “the papers submitted establish that the approvals of similar proposals for the preceding three years have not, in fact, resulted in irreparable injury to the corporation [and that] [t]o the contrary, the corporation’s share price has increased 326% during that period of time” (Nov. 14, 2012 order at 2-3). Notably, the shareholder vote was subsequently held and both proposals were approved by Hain’s shareholders.
The plaintiffs now move for leave to amend the complaint pursuant to CPLR 3025 (b) and for further relief altering the caption by removing, as a party plaintiff, William Morrison— who is no longer a Hain shareholder. The latter branch of the motion seeking to delete Morrison from the caption is granted without opposition.
The defendants, Hain and the individual Board members, otherwise oppose the plaintiffs’ application and cross-move to dismiss the complaint pursuant to CPLR 3211 (a) (1), (3), and (7).
The Court’s Determination
Initially, the court notes that contrary to the contentions of the remaining plaintiff, the instant action presents claims that are derivative in nature and not direct (see Robinson Family Trust v Greig, — F Supp 2d —, 2013 WL 1943330, 2013 US Dist LEXIS 66995 [ND Ohio 2013]; Noble v AAR Corp., — F Supp 2d —, 2013 WL 1324915, 2013 US Dist LEXIS 48075 [2013], supra; Raul v Rynd, 929 F Supp 2d 333 [2013], supra; Laborers’ Local v Intersil, 868 F Supp 2d 838 [ND Cal 2012]; *817 Metro Communication Corp. BVI v Advanced Mobilecomm Tech. Inc., 854 A2d 121 [Del Ch Ct 2004]; Hribar v Marsh & McLennan Cos., Inc., 73 AD3d 859 [2d Dept 2010]). As such, plaintiff has improperly attempted to bring direct claims against the defendants and failed to plead the requisite elements of a derivative action and to name the nominal corporate plaintiff.
Significantly, Delaware law requires that as a condition precedent to a plaintiff bringing a shareholder derivative lawsuit, plaintiff must make a pre-suit demand upon the board of directors to prosecute the contemplated action (Aronson v Lewis, 473 A2d 805, 811-812 [Del 1984], overruled on other grounds by Brehm v Eisner, 746 A2d 244 [Del 2000]). However, the plaintiff need not meet this requirement if he sets forth in the complaint particularized factual allegations sufficient to create a reasonable doubt either as to whether the directors are disinterested and independent or whether the transaction at issue resulted from a valid exercise of business judgment (Del Rules Ch Ct rule 23.1; Aronson v Lewis, 473 A2d at 814). Where the derivative claim complains of the board’s nonfeasance, as opposed to a business decision, a court need only “determine whether or not the particularized factual allegations . . . create a reasonable doubt that . . . the board of directors could have properly exercised its independent and disinterested business judgment in responding to a demand” (Rales v Blasband, 634 A2d 927, 934 [Del 1993]; Simon v Becherer, 7 AD3d 66 [1st Dept 2004]).
The complaint at bar fails to allege that a pre-suit demand was made nor does it contain factual allegations warranting that the demand requirement be excused. In fact, the plaintiff argues in response to defendants’ assertion that his claims are derivative in nature and thus improperly asserted — only that the claims are direct in nature.
Accordingly, the complaint must be dismissed inasmuch as it fails to state a cause of action.*
In any event, dismissal is warranted because the complaint fails to identify how the information omitted from the Proxy was material with respect to either of the proposals.
In this regard, “[s]o long as the proxy statement, viewed in its entirety, sufficiently discloses and explains the matter to be voted on, the omission or inclusion of a particular fact is gener *818 ally left to management’s business judgment” (In re 3Com Shareholders Litig., 2009 WL 5173804, *1, 2009 Del Ch LEXIS 215, *4 [2009]; cf. In re Micromet, Inc. Shareholders Litigation, 2012 WL 681785, *10, 2012 Del Ch LEXIS 41, *30-33 [Del Ch Ct 2012]; Wenz v Globecomm Sys., Inc., 37 Misc 3d 1222[A], 2012 NY Slip Op 52134[U], *4 [Sup Ct, Suffolk County 2012]; Noble v AAR Corp., — F Supp 2d —, —, 2013 WL 1324915, *4, 2013 US Dist LEXIS 48075, *11-14 [2013], supra).
“[A] pleader must allege that facts are missing from the statement, identify those facts, state why they meet the materiality standard and how the omission caused injury” (Loudon v Archer-Daniels-Midland Co., 700 A2d 135, 141 [Del 1997]). Moreover, “it is inherent in disclosure cases . . . that . . . the pleading [cannot] be merely conclusory” in its informational content (Khanna v McMinn, 2006 WL 1388744, *29, 2006 Del Ch LEXIS 86, *126 [Del Ch Ct 2006]; Malpiede v Townson, 780 A2d 1075, 1086-1087 [Del 2001]).
Applying the foregoing principles here, the court concludes, as it did upon denying the plaintiffs prior application for injunctive relief, that the Proxy disclosures do not omit material information within the meaning of governing Delaware case law. Preliminarily, the court notes that the disputed compensation disclosure claim has arisen within the context of a “Say on Pay” voting procedure, which is entirely advisory in nature and which does not — in accordance with the express terms of the Dodd-Frank Act itself — create any new or additional, director-based, fiduciary obligations (see 15 USC § 78n-l [c] [2], [3]; Noble v AAR Corp., — F Supp 2d —, —, 2013 WL 1324915, *4, 2013 US Dist LEXIS 48075, *11-14 [2013], supra; Raul v Rynd, 929 F Supp 2d 333 [2013], supra;, cf. In re J.P. Morgan Chase & Co. Shareholder Litig., 906 A2d 766, 767 [Del 2006]). The plaintiff has not established that the defendants failed to comply with the compensation disclosure requirements imposed by the Dodd-Frank Act and has not cited persuasive statutory or case law authority which necessarily requires corporations to disclose more than what is mandated under the federal law (Noble v AAR Corp., — F Supp 2d —, —, 2013 WL 1324915, *4, 2013 US Dist LEXIS 48075, *11-14 [2013], supra; cf. Arnold v Society for Sav. Bancorp, Inc., 678 A2d 533, 537 [Del 1996]). Contrary to plaintiffs argument, neither was there any duty to disclose a dilution analysis in connection with the proposed stock issuance plan as argued by the plaintiff (see Lewis v Vogelstein, 699 A2d 327 [Del Ch Ct 1997]; Ash v Brunswick Corp., 405 F Supp 234 [D Del 1975]).
*819 More fundamentally, the plaintiffs complaint fails to articulate, with adequate particularity, precisely why the allegedly omitted facts are material — especially given the significantly detailed disclosures described in the Proxy, which contain pages of relevant salary and/or compensation proposals; applicable criteria for the benefitted individuals; and a lengthy, analytical and factual discussion relating to the nature, scope and issuing mechanics of the stock proposals in question. Rather, the complaint is primarily comprised of circular averments which repeat the same underlying theory, to wit, that with respect to both proposals, the Board’s disclosures purportedly omitted “fair summaries]” as well as “metrics and data” relating to the proposals (complaint 1111 35-37). However, a contextual review of the disclosures actually made in the Proxy confirms that the “proxy statement, viewed in its entirety,” more than “sufficiently discloses and explains the matter[s] to be voted on” (see In re 3Com Shareholders Litig., 2009 WL 5173804, *1, 2009 Del Ch LEXIS 215, *4 [2009], supra). Significantly, none of “the omitted information complained of. . . would have altered the ‘total mix’ of information available to shareholders in deciding whether to vote on Proposals 2 and . . . [3]” (Wenz v Globe-comm Sys., Inc., 37 Misc 3d 1222[A], 2012 NY Slip Op 52134[U], *4 [2012], supra; see also In re Micromet, Inc. Shareholders Litig., 2012 WL 681785, *10, 2012 Del Ch LEXIS 41, *30-33 [2012], supra). As noted, “[o]mitted facts are not material simply because they might be helpful” (Skeen v Jo-Ann Stores, Inc., 750 A2d 1170, 1173-1174 [Del 2000]).
Finally, since the proposed pleading annexed to the plaintiffs motion papers does not remedy the defects in the claims and theories alleged, the plaintiffs motion for leave to serve that document as a newly amended pleading must be denied (see CPLR 3025 [b]; Douglas Elliman, LLC v Bergere, 98 AD3d 642, 643 [2012]; Muro-Light v Farley, 95 AD3d 846, 847 [2d Dept 2012]; Trystate Mech., Inc. v Macy’s Retail Holdings, Inc., 94 AD3d 1095, 1096 [2d Dept 2012]; cf. Lucido v Mancuso, 49 AD3d 220 [2d Dept 2008]). Nor do the plaintiffs papers warrant an exercise of the court’s discretion so as to permit him to re-plead his claims and submit yet another amended complaint (see generally H.P.S. Mgt. Co., Inc. v St. Paul Surplus Lines Ins. Co., 101 AD3d 1081, 1082-1083 [2d Dept 2012]).
*820 The court has considered the plaintiffs remaining contentions and concludes that they are insufficient to defeat the defendants’ motion to dismiss the complaint.
Accordingly, it is ordered that the cross motion by the defendants, for an order pursuant to CPLR 3211 (a) (1), (3) and (7) dismissing the verified complaint is granted, and, it is further, ordered that the motion by the plaintiffs, is granted to the extent William Morrison is deleted from the caption as a party plaintiff, and in all other respects is denied. The new caption shall read:
CHARLES KIST, On Behalf of Himself and All Others Similarly Situated, Plaintiffs, against THE HAIN CELESTIAL GROUP INC., BARRY J. ALPERIN, LEWIS D. SCHILIRO, IRWIN D. SIMON, RICHARD C. BERKE, JACK FUTTERMAN, MARINA HAHN, BRETT ICAHN, ROGER MELTZER, DAVID SCHECHTER and LAWRENCE S. ZILAVY, Defendants.

 The defendants describe this defect in terms of standing. Howsoever it is characterized, the failure to properly allege facts showing pre-suit demand or futility requires dismissal.