Rand Constr. Corp. v Cowboys Saloon Syracuse, LLC (2020 NY Slip Op 03366)





Rand Constr. Corp. v Cowboys Saloon Syracuse, LLC


2020 NY Slip Op 03366


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1275 CA 19-01160

[*1]RAND CONSTRUCTION CORPORATION, PLAINTIFF-RESPONDENT,
v
COWBOYS SALOON SYRACUSE, LLC, ET AL., DEFENDANTS, AND ROBERT GENOVESE, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 






MELVIN & MELVIN, PLLC, SYRACUSE (ELIZABETH A. GENUNG OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SUGARMAN LAW FIRM, LLP, SYRACUSE (CORY SCHOONMAKER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered November 28, 2018. The judgment awarded plaintiff money damages as against defendant Robert Genovese. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and that part of the motion seeking a default judgment against defendant Robert Genovese is denied.
Memorandum: In this action seeking to recover damages for diversion of Lien Law trust fund assets, Robert Genovese (defendant) appeals, in appeal No. 1, from that part of an order granting the motion of plaintiff for a default judgment against him. In appeal No. 2, defendant appeals from the ensuing judgment, entered upon the order in appeal No. 1, which granted a default judgment against him.
Initially, we note that the appeal from the judgment in appeal No. 2 brings up for review the propriety of the order in appeal No. 1 (see Matter of Aho, 39 NY2d 241, 248 [1976]), and thus the appeal from the order in appeal No. 1 must be dismissed (see Hughes v Nussbaumer, Clarke & Velzy, 140 AD2d 988, 988 [4th Dept 1988]; Chase Manhattan Bank, N.A. v Roberts & Roberts, 63 AD2d 566, 567 [1st Dept 1978]; see also CPLR 5501 [a] [1]). We also note that, under the circumstances presented, defendant's challenge to the judgment is properly before us despite the fact that the order and judgment were entered upon his default. "Where, as here, a party appears and contests an application for entry of a default judgment, CPLR 5511, prohibiting an appeal from an order or judgment entered upon default, is inapplicable, and the judgment predicated upon the party's default is therefore appealable" (Spatz v Bajramoski, 214 AD2d 436, 436 [1st Dept 1995]; see Spano v Kline, 50 AD3d 1499, 1499 [4th Dept 2008], lv denied 11 NY3d 702 [2008]).
We agree with defendant that Supreme Court erred in granting plaintiff's motion insofar as it sought a default judgment against defendant, and we therefore reverse the judgment in appeal No. 2 and deny that part of the motion. "On a motion for leave to enter a default judgment pursuant to CPLR 3215, the movant is required to submit proof of service of the summons and complaint, proof of the facts constituting [the] claim, and proof of the defaulting party's default in answering or appearing" (Atlantic Cas. Ins. Co. v RJNJ Servs., Inc., 89 AD3d 649, 651 [2d Dept 2011]; see CPLR 3215 [f]). With respect to the proof of the facts constituting the claim, "[a] verified complaint may be submitted instead of [an] affidavit when the complaint has been properly served" (Woodson v Mendon Leasing Corp., 100 NY2d 62, 70 [2003]; see [*2]CPLR 3215 [f]), and "defaulters are deemed to have admitted all factual allegations contained in the complaint and all reasonable inferences that flow from them" (Woodson, 100 NY2d at 71). A plaintiff's "failure to submit the proof required by CPLR 3215 (f) should lead a court to deny an application for a default judgment" (Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203 [2013]).
Here, the sole cause of action in the complaint asserted against defendant is the fifth cause of action, seeking damages for diversion of trust fund assets. In that cause of action, plaintiff alleged that all defendants "received sums due for the subject construction," and that those funds were trust funds for the benefit of plaintiff and others who supplied labor or materials for the construction project. With respect to the source of the funds described in the fifth cause of action, plaintiff alleged only that "those funds included more than Two Million, Two Hundred Fifty Thousand Dollars ($2,250,000) from [defendant] and entities that he controls." Those statements are insufficient to state a claim for diversion of trust assets under article 3-A of the Lien Law. "Pursuant to Lien Law § 70 (5), an owner of real property becomes a trustee of funds for the benefit, inter alia, of laborers and material suppliers, only as to funds specifically designated [as trust funds by the statute]" (Pellic Dev. Corp. v Whitestone Equities Farmingdale Corp., 199 AD2d 483, 483 [2d Dept 1993]). In this case, the record establishes that "the [$2,250,000] that [plaintiff] contends was a trust asset was actually a capital contribution of the owner. Therefore, [those] funds were not trust assets" (id.). Thus, inasmuch as the fifth cause of action alleges only that defendant possessed his own funds, rather than trust funds, and inasmuch as plaintiff did not allege any other facts from which the court could conclude that defendant possessed trust assets, plaintiff's "failure to submit the proof required by CPLR 3215 (f) should [have led the] court to deny [plaintiff's] application for a
default judgment" (Manhattan Telecom. Corp., 21 NY3d at 203).
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court